The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL KORTLEVER, SY EUBANKS, and ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>vs.<br><br>WHATCOM COUNTY, WASHINGTON; WHATCOM COUNTY SHERIFF'S OFFICE<br><br>Defendants. | Case No.: 2:18-cv-00823<br><br>DEFENDANTS' CR 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED<br><br>NOTED FOR:  FRIDAY, JULY 27, 2018<br><br>WITHOUT ORAL ARGUMENT |

COME NOW, Defendants herein, and move this Court to dismiss Plaintiffs' 28 U.S.C. §1343 claims pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiffs have failed to comply with the exhaustion requirement under 42 U.S.C. § 1997e(a) the Prisoner Litigation Reform Act (Hereinafter, "PLRA").

ISSUE

Is it clear from the face of the Complaint that the Plaintiffs did not exhaust their available administrative remedies related to the claims of his lawsuit?

Answer: Yes, The Plaintiffs' Complaint indicates that all of the Plaintiffs failed to complete the grievance procedures available to them at the Whatcom County Jail related to this lawsuit.

## FACTS

On June 6, 2018 the Plaintiffs filed this civil rights action requesting declaratory and injunctive relief under 28 U.S.C. §1343 for violation of American's with Disabilities Act (Hereinafter, "ADA") under 42 U.S.C. §12101 while in custody at the Whatcom County Jail. The Plaintiffs' complaint (hereinafter, "Complaint") alleges that during their incarceration at the Whatcom County Jail:

> 1) The Plaintiffs were qualified individuals as defined by 42 U.S.C. §12101 (1) based upon previous diagnosis' of Opioid Use Disorder (Hereinafter, "OUD").[1]
> 2) Due to be diagnosed with OUD the Plaintiff had previously received prescriptions for either methadone or buprenorphine.[2]
> 3) The Whatcom County Jail denied the Plaintiffs treatment with methadone, buprenorphine, or any other equivalent drug.[3]
> 4) The Whatcom County Jail prescribes the drug Subutex to OUD inmates that screen positive during pregnancy testing.[4]

The Complaint goes on to indicate that the Plaintiffs have pursued administrative remedies available to them in the Whatcom County Jail.[5] Further, the Complaint states that both of the named Plaintiffs are still engaged in their respective grievance processes related to this Complaint.[6] Mr. Kortlever filed a grievance with the Whatcom County Jail on June 1, 2018, and his grievance remains unresolved.[7] Mr. Eubanks filed his initial grievance in May of 2018, and his grievance was initially denied on May 28, 2018.[8] However, on May 30, 2018 Mr. Eubanks appealed the denial within the Whatcom County Jail's

---

[1] See, *Complaint* p. 4 at No. 15 & 16.
[2] See, *Id*.
[3] See, *Id*. p. 15 at No. 69. See also, *Id*. p. 17 at No. 79.
[4] See, *Id*. p. 12 at No. 50.
[5] See, *Id*. p. 16 at No. 72. See also, *Id*. p. 18 at No. 84.
[6] See, *Id*.
[7] See, *Id*. p. 18 at No. 84.
[8] See, *Id*. p. 16 at No. 72

DEFENDANTS' MOTION TO DISMISS - 2

grievance process, and that appeal is currently pending.[9] The Plaintiffs now seek injunctive relief and costs pursuant to 28 U.S.C. §1343.

## ARGUMENT

The PLRA states that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[10] The exhaustion requirement is mandatory, and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[11] Exhaustion is required even if the remedy sought by the prisoner, such as money damages, is unavailable through the prison's grievance system.[12]

The PLRA requires the proper exhaustion of all available administrative remedies, which was described by the United States Supreme Court as completing: "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."[13] Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust administrative remedies.[14]

The Ninth Circuit has held that a motion asserting the affirmative defense of failure to exhaust remedies should ordinarily be brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the moving defendant would have the burden to produce evidence proving the failure to exhaust

---

[9] See, Complaint p. 16 at No. 72
[10] 42 U.S.C. § 1997e(a).
[11] Porter v. Nussle, 534 U.S. 516, 524, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).
[12] Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).
[13] Woodford v. Ngo, 548 U.S. 81, 85, 88, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).
[14] Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).
[15] Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).
DEFENDANTS' MOTION TO DISMISS - 3

remedies.[15] However, the Ninth Circuit has also found that "[i]n the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."[16]

The PLRA exhaustion requirement applies to prisoner suits for ADA violations.[17] In O'Guinn v. Lovelock Correction Center the Ninth Circuit dismissed a Nevada prisoner's ADA suit without prejudice because the grievance process was not exhausted at the time of filing the suit.[18]

> We recognize that neither Title II of the ADA nor section 504 of the Rehabilitation Act generally requires administrative exhaustion before filing suit. See Zimmerman, 170 F.3d at 1178. Yet nothing in the ADA or the Rehabilitation Act carves out an exception to the PLRA exhaustion requirement. On the other hand, the PLRA specifically prohibits suits "under section 1983 of this title, or any other Federal law," 42 U.S.C. § 1997e(a), absent exhaustion. See Salgado v. Garcia, 384 F.3d 769, 773–74 (9th Cir.2004) ( "[W]here there is no clear indication otherwise, a specific statute will not be controlled or nullified by a general one." (quotation marks omitted)). The Supreme Court has noted that in enacting the PLRA, Congress intended it to apply to all federal laws with respect to prisoner suits, with the intent that prison officials would have the first opportunity to address prison conditions. See Porter, 534 U.S. at 524–25, 122 S.Ct. 983. This congressional intent would be defeated if prisoners were able to bring federal suits directly in district court wherever a federal statute lacked an exhaustion provision. Given the clear indication of congressional intent in the PLRA, we interpret § 1997e(a) as requiring prisoners to exhaust prison administrative remedies for *1062 claims under Title II of the ADA and the Rehabilitation Act, notwithstanding the absence of a federal administrative exhaustion requirement in these statutes.
>
> Accordingly, we hold that the plain language of § 1997e(a) and relevant Supreme Court authority require prisoners bringing ADA and Rehabilitation Act claims to exhaust those claims through available administrative remedies before filing suit. Cf. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.2005) (finding that a prisoner had "availed himself of the administrative process the state gave him" and holding § 1997e(a) did not require dismissal of his ADA claim). In so holding, we join the Sixth Circuit, which has similarly dismissed ADA claims for failure to satisfy the PLRA's exhaustion requirement. See Jones v. Smith, 266 F.3d 399, 400 (6th Cir.2001) (per curiam).[19]

---

[15] *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).
[16] *Id.*
[17] See, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1062 (9th Cir. 2007). See also, *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir.2001) (per curiam).
[18] *Lovelock Corr. Ctr.*, 502 F.3d at 1062.
[19] *Id.* at 1061–62.

While the Ninth Circuit dismissed Mr. O'Guinn's suit without prejudice, the court simultaneously invited Mr. O'Guinn to refile a new complaint immediately after dismissal based on the exhaustion of remedies that had occurred during the pendency of that action.[20]

Here, a facial review of Plaintiffs' Complaint shows that the Plaintiffs' failed to exhaust their administrative remedies through the grievance processes available to them at the Whatcom County Jail. Mr. Eubanks filed his initial grievance with the Whatcom County jail in May 2018, and received a denial to his initial filing on May 28, 2018.[21] On May 30, 2018 Mr. Eubanks appealed the grievance denial within the Whatcom County Jail's grievance process, and his appeal was pending when this Complaint was filed.[22] Mr. Kortlever filed his initial grievance on June 1, 2018, and that grievance was pending when this Complaint was filed.[23] Currently there are no other named Plaintiffs. All other similarly situated persons are currently named as prospective class members, but those prospective class members would also fail to meet the exhaustion standard under the PLRA.

This Complaint should be dismissed without prejudice to allow the Whatcom County Jail's grievance system the opportunity satisfy the Plaintiffs' grievances. If the Whatcom County Jail fails to adequately address the grievances the issue may be brought back before this court, and litigation may then proceed. The Complaint summarily states that the Whatcom County Jail will continue to deny the grievances of these Plaintiffs based on the Jail's internal policies.[24] However, this conclusion presumes to know the outcome of a grievance process that has yet to come to fruition. The assertion also fails to accept that policies and practices are frequently subject to change. The PLRA was enacted to allow administrative agencies the opportunity to correct their own mistakes before being hauled into court,[25] and

---

[20] *Lovelock Corr. Ctr.*, 502 F.3d at 1063.
[21] See, *Complaint* p. 16 at No. 72. See also, Complaint p. 18 at No. 84.
[22] See, *Id.*
[23] See, *Id.* p. 18 at No. 84.
[24] See, *Id.* p. 11-13 at No. 46-59.
[25] *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006). (Quoting, *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S. Ct. 1081, 1086, 117 L. Ed. 2d 291 (1992).

thereby enhance overall judicial efficiency by potentially mooting controversies without the need for litigation.[26] In this case the Whatcom Jail has not been afforded the opportunity to moot the controversy at the center of this Complaint.

Therefore this case should be dismissed without prejudice.

## CONCLUSION

Dismissal for failure to exhaust administrative remedies under PLRA pursuant to 12(b)(6) is only appropriate when it is clear on the face of the complaint that the plaintiff failed to exhaust administrative remedies. In this case the Plaintiffs represent to the Court, through their Complaint, that they did not complete this statutory prerequisite before filing his lawsuit. Therefore, the Court should grant Defendant's motion to dismiss without prejudice.

DATED this 28th day of June, 2018.

GEORGE ROCHE, WSBA #45698
Civil Deputy Prosecuting Attorney
*for* Defendants
Whatcom County Prosecuting Attorney
311 Grand Ave Suite 201
Bellingham, WA 98225
360.778.5710
groche@co.whatcom.wa.us

---

[26] *Ngo*, 548 U.S. at 89.