The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL KORTLEVER, SY EUBANKS, and ALL OTHERS SIMILARLY SITUATED, | Case No.: 2:18-cv-00823 |
| Plaintiffs, | DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY CLASS |
| vs. | |
| WHATCOM COUNTY, WASHINGTON; WHATCOM COUNTY SHERIFF'S OFFICE | NOTED FOR MOTION CALENDAR: JULY 13, 2018 |
| Defendants. | |

TO:  PLAINTIFFS, above-named,

Come now, Defendants herein, with the following response to the Defendant's motion for class certification. The Defendant respectfully asks this court to deny plaintiff's motion pursuant to Federal Rule of Civil Procedure 23(a).  Alternatively, the Defendant respectfully requests the Court postpone its determination of class certification pursuant to Federal Rule of Civil Procedure 23(c)(1)(a) and Local Rules W.D. Wash. 23 (i)(3).

Defendant's Opposition to Motion to Certify Class  - 1

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711



INTRODUCTION

On June 6, 2018 the Plaintiffs filed this civil rights action requesting declaratory and injunctive relief under 28 U.S.C. §1343 for violation of American's with Disabilities Act under 42 U.S.C. §12101 (hereinafter, ADA) while in custody at the Whatcom County Jail.  The Plaintiffs' complaint (hereinafter, complaint) alleges that during their incarceration at the Whatcom County Jail:

> 1) The Plaintiffs were qualified individuals as defined by the ADA based upon previous diagnosis' of Opioid Use Disorder (hereinafter, OUD).[1]
> 2) Due to be diagnosed with OUD the Plaintiff had previously received prescriptions for either methadone or buprenorphine.[2]
> 3) The Whatcom County Jail denied the Plaintiffs treatment with methadone, buprenorphine (including the drugs Suboxone and Subutex), or any other equivalent drug.[3]
> 4) The Whatcom County Jail prescribes the drug Subutex to OUD inmates that screen positive during pregnancy testing.[4]

On June 6, 2018 Plaintiff's simultaneously filed their motion to certify class pursuant to Federal Rule of Civil Procedure 23 (hereinafter, "Plaintiff's Motion"). The Plaintiff's motion states that:

> 1) Whatcom County suffers from an opioid epidemic that affects this entire nation.[5]
> 2) People suffering from OUD are protected by the ADA.[6]
> 3) Medically Assisted Treatment (hereinafter, MAT) is a clinically proven treatment regime for people diagnosed with OUD.[7]
> 4) The Whatcom County Jail currently uses MAT by providing the drug Subutex to OUD inmates that screen positive during pregnancy testing.[8]

---

[1] See, *Complaint* p. 4 at No. 15 & 16.
[2] See, *Id.*
[3] See, *Complaint* p. 15 at No. 69. See also, Complaint p. 17 at No. 79.
[4] See, *Complaint* p. 12 at No. 50.
[5] See, *Plaintiff's Motion to Certify Class* p. 2-4.
[6] See, *Id* at 4-6.
[7] See, *Plaintiff's Motion to Certify Class* at 6-8.
[8] See, *Id.* at 8-11.

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

5) The Whatcom County Jail refuses to provide MAT to OUD persons that are not pregnant.[9]

The Plaintiff's proposed class action names two persons: Sy Eubanks and Gabriel Kortlever. The Plaintiffs state that Mr. Eubanks was diagnosed with OUD, and treated with MAT by his health care providers.[10] Mr. Eubanks was originally prescribed methadone treatment fifteen years ago by the Islands Crossing Counseling service in Arlington Washington.[11] Most recently, Mr. Eubanks was treated with Suboxone by the Sea Mar Community Health Center.[12] The Plaintiff's Complaint states that Mr. Kortlever was diagnosed with OUD and treated with MAT by Cascade Medical Advantage in March of 2018.[13] The Plaintiffs' proposed class action additionally names all other similarly situated Plaintiffs. The Plaintiffs cite that Whatcom County Jail's records indicate in 2016 two hundred and fifty-three people self-reported the abuse of heroin or other opiates during their incarceration.[14]

Mr. Eubanks and Mr. Kortlever were both asked a series of questions during their most recent bookings into the Whatcom Jail. On September 15, 2017 Mr. Eubanks was asked by the Whatcom County Jail staff if he was under a doctor's care, and Mr. Eubanks responded: "yes psorsis…dro boughsted."[15] Mr. Eubanks was asked if he took medications, and he responded: "yes gabapentin, Lasix, spirolactum, nydroxozene, hepatitis meds, blood pressure."[16] Mr. Eubanks was asked if he used street drugs, and he responded: "yes meth and suboxone…states

---

[9]  See, *Plaintiff's Motion to Certify Class* at 8-11.
[10] See, *Complaint* p. 4 at No. 15.
[11] See, *Id.* p. 15 at No. 66 & 67.
[12] See, *Id.* p. 15 at No. 68
[13] See, *Id.* p. 4 at No. 16.  See also, *Id.* p. 17 at No. 78.
[14] See, *Id.* p. 6 at No. 23.  See also, *Complaint* Exhibit 1.
[15] See, Exhibit 1, p. 1 at No. 8.
[16] See, *Id.* at No. 13.

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

he will withdrawl...used 30 minutes ago."[17] On April 20, 2018 Mr. Kortlever was asked the same set of questions during his most recent booking into the Whatcom County Jail.[18] When asked if he was under a doctor's care Mr. Kortlever said: "no."[19] When asked if he received medications Mr. Kortlever said: "yes suboxone."[20] When asked if he used street drugs Mr. Kortlever said: "yes used meth today."[21]

MAT has been described by the Substance Abuse and Mental Health Services Administration as a direct service that provides both behavioral therapies in conjunction with pharmacotherapy.[22] MAT treatment is an individualized medical treatment procedure. [23]

<u>PROCEDURAL HISTORY</u>

On June 6, 2018 the Plaintiffs filed their Complaint requesting declaratory and injunctive relief for violations of ADA. On June 6, 2018 the Plaintiff's also filed their Motion to Certify class. On June 28, 2018 the Defendant filed a dispositive motion under Federal Rule of Civil Procedure 12 (b)(6), and requested that motion be heard July 27, 2018.

<u>ARGUMENT</u>

A. <u>The Plaintiffs' motion to certify class should be stayed at this time because it is not practicable at this stage of the litigation.</u>

Federal Rule of Civil Procedure (hereinafter, FRCP) 23(c)(1)(a) states the time to issue a certification order is at an early practicable time. Local Rules W.D. Wash. (hereinafter, LCR) 23

---

[17] See, Exhibit 1. p. 2 at No. 23.
[18] See, Exhibit 2.
[19] See, *Id*. p. 1 at No. 8.
[20] See, *Id*. p. 1 at No. 13.
[21] See, *Id*. p. 2 at No. 23.
[22] See, Catherine A. Fullerton et. al., "Medication-Assisted Treatment with Methadone: Assessing the Evidence," Psychiatric Services 65, no. 2, p. 146 (February 2014).
[23] See, *Id*.

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

(i)(3) states that time to certify class is within one hundred and eighty days after filing the complaint. LCR 23 (i)(3) additionally states that:

> The court…may order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary in the circumstances. Whenever possible, where the determination is postponed, a date will be fixed by the court for renewal of the motion.

FCRP 23(c)(1)(a) has been interpreted to allow courts the discretion to handle dispositive motions prior to more complex motions to certify class.[24]

Here, the Plaintiffs' motion to certify class is premature. The Complaint names two Plaintiffs. The Plaintiffs argue there is a large number of unnamed persons forming a prospective class that would satisfy the numerosity requirement under FCRP 23(a)(1) . That issue is briefed in greater detail in the following section of this response. The Defense responds that the evidence presented by the Plaintiffs is insufficient to adequately project the numerosity of unnamed class members. However, conducting further discovery may allow for the presentation of additional evidence that would allow for an accurate projection of the number of OUD persons detained in the Whatcom County Jail currently, and the number of OUD persons incarcerated in recent years. Whatcom County Jail maintains detailed medical records that would be relevant to determining the prospective number of unnamed class members.

Further, Defendant has noted a dispositive motion under FCRP 12(b)(6). Similar to _Curtin v. United Airlines_ this court has the discretion to hear the dispositive motion prior to the motion to certify class if the court determines that is the more practical order of events.

---

[24] See, _Curtin v. United Airlines_, Inc., 275 F.3d 88, 92 (D.C. Cir. 2001).

Defendant's Opposition to Motion to Certify Class - 5

1       For the forgoing reasons, the Defendant asks this Court to postpone the determination

2   under LCR 23 (i)(3), and note a subsequent hearing at the Court's discretion.

3   B.   Alternatively, the Plaintiffs have failed to meet their burden under Federal Rule Of Civil

4       Procedure 23(a).

5   FCRP 23(a) and LCR 23 (i)(2) outline the prerequisites for one or more members of a class to

6   sue as representatives on behalf of all members of the class. The Plaintiffs bear the burden of

7   proving that the requirements for class certification are meet beyond a preponderance of the

8   evidence.[25] FCRP 23(a) outlines the four necessary requirements: numerosity, commonality,

9   typicality, and adequacy. Additionally, the Plaintiff must adequately define the proposed class.[26]

10       **1.   Plaintiffs fail to sufficiently define the proposed class.**

11       Plaintiffs must possess the same interest and suffer the same injury as the class members

12   they seek to represent.[27] A proposed class must be sufficiently defined so that it is

13   administratively feasible for the court to determine whether a particular individual is a member

14   of the class.[28] When considering class certification related to violations of the ADA the

15   definition of the effected disabilities is relevant to determining if there will be class members

16   who will have conflicting claims and defenses.[29] The majority of courts that have addressed class

17

18

19

20

21

---

22   [25] See, *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008).

23   [26] See, *Davoll v. Webb*, 160 F.R.D. 142, 144 (D. Colo. 1995), aff'd, 194 F.3d 1116 (10th Cir. 1999).
[27] See, *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

24   [28] See, *Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 455 (M.D. Fla. 2001). .(Holding that 93,000 wheelchair users presented to vague a definition of the proposed class).
[29] See, *Walt Disney World Co.*, 211 F.R.D. at 455 .

25

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

definition as it related to disability claims have sought to narrow the prospective class of persons.[30]

Here, the definition of the class as it relates to the disability at issue in the Plaintiffs' suit will have bearing on numerosity, commonality, typicality, adequacy, and the determination of whether the Whatcom County Jail refused act on grounds that apply generally to all class members under FCRP 23(b)(2). The Plaintiffs define their prospective class as non-pregnant persons diagnosed with OUD, and denied MAT by the Whatcom County jail pursuant to general policy. While the definition is narrow in its scope, the definition fails to properly define members of the class because it fails to address the individualized medical nature of MAT treatment. Not all members of the Plaintiff's proposed class will receive the same medical treatment. Further, the Plaintiffs' class definition does not include pregnant OUD inmates. To draw the class distinction excluding pregnant OUD inmates fails to consider the effect of the Whatcom County Jail's MAT policies on all OUD inmates. Whatcom County Jail policy on administering MAT does not apply generally to all people with the disability of OUD.

Therefore, it is not administratively feasible to determine if the named Plaintiffs are representative of the class they seek to represent.

### 2. Mr. Eubanks, Mr. Kortlever, and any unnamed plaintiffs are not so numerous that joinder of their claims is impractical.

FCRP 23(a) (1) requires the proposed class be so numerous that joinder of the all members is impractical.[31] Class certification is unnecessary if granting injunctive relief would

---

[30] See _Id_. See also, _Nat'l Fed'n of Blind v. Target Corp._, 582 F. Supp. 2d 1185, 1189 (N.D. Cal. 2007). See also, _Colorado Cross-Disability Coal. v. Taco Bell Corp._, 184 F.R.D. 354, 357 (D. Colo. 1999).

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

necessarily benefit all other proposed class members.[32] There is no threshold number that satisfies the numerosity requirement outlined in FCRP 23(a) (1).[33] The Second Circuit has stated that numerosity is presumed at a level of more than forty members.[34] Alternatively, the United States Supreme Court has viewed fifteen member proposed classes as too small to meet the numerosity requirement.[35] The impact on unnamed future class members may affect the prerequisite of numerosity. In _Rivera v. Holder_ the Western District of Washington evaluated the Plaintiff's argument that hundreds of alien detainees were detained in Seattle each month, and found that it was highly plausible that the proposed class size would exceed forty.[36] In _Rivera v. Holder_ numerosity was found by making a reasonable approximation of the number of future class members.[37]

Here, there are two currently name Plaintiffs. Additionally, Plaintiffs name all other similarly situated people as potential future class members. The Plaintiffs identify the class as OUD persons not diagnosed as pregnant while incarcerated at the Whatcom County Jail. The Plaintiff argues that two hundred and fifty-three people booked into the Whatcom County Jail in 2016 self-reported the abuse of heroin or opiates.[38] The Plaintiffs thereby estimate a class size in excess of one hundred each year. [39] Plaintiffs argue that numerosity is presumptively satisfied

---

[31] _Hanlon v. Chrysler Corp._, 150 F.3d 1011, 1019 (9th Cir. 1998).
[32] See,_Walt Disney World Co._, 211 F.R.D. 452, 455
[33] See, _Trevizo v. Adams_, 455 F.3d 1155 (10th Cir. 2006).
[34] See, _Consol. Rail Corp. v. Town of Hyde Park_, 47 F.3d 473, 483 (2d Cir. 1995). (citing,1 _Newberg On Class Actions_ 2d, (1985 Ed.) § 3.05)
[35]See, _Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n_, 446 U.S. 318, 330, 100 S. Ct. 1698, 1706, 64 L. Ed. 2d 319 (1980).
[36] _Rivera v. Holder_, 307 F.R.D. 539, 550 (W.D. Wash. 2015).
[37] _Id._ at 550.
[38] See, _Complaint._ p. 6 at No. 23.  See also, _Complaint_ Exhibit 1.  See also, _Plaintiff's Motion to Certify Class_ at 13.
[39] See also, _Plaintiff's Motion to Certify Class_ at 13.

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

based on their estimate.[40] However, the only exhibit cited by Plaintiffs does not provide this court with sufficient information to determine whether it is plausible that hundreds of OUD inmates are booked into the Whatcom County Jail.  The self-reported abuse of drugs does not translate to a formal diagnosis of a medical condition. OUD is a condition listed under the DSM-5. There is no evidence that the inmates that reported abuse of opiates have been diagnosed with OUD. Given the specific nature of the medical diagnosis required to be among the Plaintiff's prospective class it is not reasonable to approximate future members of the class. It is this medical distinction that makes this case distinguishable from Rivera v. Holder. Without conducting some form of discovery there is an insufficient factual record to make a reasonable approximation of the number of inmates diagnosed with OUD in the Whatcom County Jail. Additionally, class certification is unnecessary because the Plaintiffs seek injunctive relief that would necessarily benefit the proposed class in its entirety.

Therefore, Defendant respectfully asks the motion to certify class be denied. Alternatively, the Defendant respectfully asks the Court to postpone the determination under LCR 23 (i)(3), and note a subsequent hearing at the Court's discretion to allow further discovery on issue of numerosity.

**3.  Plaintiff's motion for class certification has not met the burden of commonality, typicality, or adequacy of representation under FRCP 23 (a).**

---

[40] _Id_.

Defendant's Opposition to Motion to Certify Class  - 9

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

The requirements of commonality, typicality and the adequacy of representation have a tendency to merge.[41]

FCRP 23(a)(2) requires that resolution of a common issue shared among members of prospective class.[42] Commonality requires Plaintiffs to demonstrate that they have suffered the same injury, not merely injury under the same general provision of law.[43] Discrepancy in the factual allegations of one Plaintiff verses another may create conceptual gaps between claims of proposed class members.[44] It is true that system wide practices that affect all members of a punitive class satisfy commonality.[45] When considering class certification for alleged violations of the ADA the definition of the effected disabilities is relevant to determining if there will be commonality in the issues of law presented among the prospective class members.[46]

Under FCRP 23 (a)(3) Typicality is satisfied when plaintiffs allege similar injuries as the other prospective members of the putative class typicality, and that the injury is the result of a common course of conduct central to class claims.[47] Claims need not be identical, but instead they must be typical of the class.[48]

---

[41] See, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982). See also, *Robinson v. Sheriff of Cook Cty.*, 167 F.3d 1155, 1157 (7th Cir. 1999).
[42] See, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011).
[43] See, *Id.*
[44] See, *Id.* See also, *Falcon*, 457 U.S. at 157.
[45] See, *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 317 F.R.D. 91, 102 (N.D. Cal. 2016), aff'd, 867 F.3d 1093 (9th Cir. 2017).
[46] See, *Walt Disney World Co.*, 211 F.R.D. at 455.
[47] See, *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014).
[48] See, *Id.*

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

FRCP 23 (a)(4) requires the Plaintiffs are adequate representatives of the class they seek to represent. Plaintiffs must have an interest in vigorously pursuing the claims common to the class, and must not have interest in opposition to other class members.[49]

Here, the medical nature of Plaintiff's suit presents a lack of commonality. While both named Plaintiffs are both currently prescribed the same brand name drug Suboxone, other persons suffering from OUD may receive fundamentally different prescription drugs. Within the Plaintiff's proposed class the courses of treatment may vary greatly. MAT is an individualized medical treatment procedure.[50] MAT protocols vary from patient to patient. Therefore, the Plaintiffs have not satisfied commonality under FRCP 23 (a)(2).

The medical nature of Plaintiffs suit also presents non-typical claims. While the two named Plaintiffs are both currently prescribed Suboxone, their treatment is individualized. Both named Plaintiff's likely receive differing doses and have other discrepancies within their treatment protocol. Mr. Eubanks takes six other prescription drugs for a variety of other medical conditions.[51]  Mr. Kortlever only takes Suboxone.[52] Mr. Eubanks and Mr. Kortlever receive different medical treatment for OUD based on their unique medical concerns.

Under FRCP 23 (a)(4) the Plaintiffs are not adequate representatives  of the class they seek to protect.  The Plaintiffs seek to include all other similarly situated persons, but all similarly situated persons suffering from OUD receive varying medical treatment based on the individual nature of their medical history and current conditions. There is variance among the

---

[49] See, *Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006).
[50] See, Fullerton et. al., "Medication-Assisted Treatment with Methadone: Assessing the Evidence," Psychiatric Services 65, no. 2, p. 146.
[51] See, Exhibit 1, p. 1 at No. 13.
[52] See, Exhibit 2, p. 1 at No. 13.

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

drugs prescribed for OUD, and doses vary within the same drug prescriptions. A person prescribed Suboxone by a medical provider is not representative of another person prescribed Methodone for the same underlying diagnosis of OUD.

For the foregoing reasons the Plaintiffs have failed to meet their burden under FRCP 23(a), and the motion to certify class should be denied.

C.  The Plaintiffs have failed to meet their burden under Federal Rule of Civil Procedure 23(b)(2).

FCRP 23(b) (2) requires that the party opposing the class has refused to act on grounds that apply generally to all class members.

The Whatcom County Jail administers varying medical treatment among inmates diagnosed with OUD. The most notable variance in OUD treatment within the Whatcom County Jail is that OUD persons that test positive during pregnancy testing are treated with MAT in the form of the drug Subutex. The Whatcom County Jail has not employed a system wide policy of denying MAT to persons suffering from OUD. MAT treatment is an individualized medical treatment procedure.[53] MAT protocols vary from patient to patient.

Therefore, the Plaintiffs have not shown a policy of general refusal to act under FRCP 23 (b)(2).

CONCLUSION

The Plaintiffs have not satisfied their burden under FRCP 23(a). Alternatively, certification should be postponed pursuant to FRCP 23 (c).

---

[53] See, Fullerton et. al., "Medication-Assisted Treatment with Methadone: Assessing the Evidence," Psychiatric Services 65, no. 2, p. 146.

Defendant's Opposition to Motion to Certify Class  - 12

DATED this _29th_ day of June, 2018.

GEORGE ROCHE WSBA #45698
Civil Deputy Prosecuting Attorney
*for* Defendants
Whatcom County Prosecuting
Attorney
311 Grand Ave Suite 201
Bellingham, WA 98225
360.778.5710
groche@co.whatcom.wa.us

Defendant's Opposition to Motion to Certify Class  - 13