Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL KORTLEVER, SY EUBANKS, and ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> WHATCOM COUNTY, WASHINGTON; WHATCOM COUNTY SHERIFF'S OFFICE, <br><br> Defendants. | Case No. 2:18-cv-00823 <br><br> REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION |

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## I. INTRODUCTION

Plaintiffs bring this civil rights class action on behalf of themselves and other non-pregnant persons who have an opioid use disorder ("OUD") and who are incarcerated, or who will be incarcerated in the future, at the Whatcom County Jail in Bellingham, Washington. To that end, Plaintiffs have filed the present motion for class certification. In response, Defendants oppose certification primarily on the basis that "[Medication Assisted Treatment ("MAT")] is an individualized medical treatment procedure." Def.'s Resp. to Pl.'s Mot. to Certify Class 4:8, ECF. No. 12 ("Resp."). Not only is this argument ironic in light of Whatcom County's policy of universally denying all class members MAT without any inquiry into their individual medical needs, it also misunderstands the injury and relief being sought. Plaintiffs seek (i) a declaration that Whatcom County Jail's policy and practice of categorically denying MAT to all non-pregnant inmates with OUD violates Title II of the Americans with Disabilities Act (the "ADA"), and (ii) an injunction requiring Defendants to provide access to necessary medications for the treatment of OUD, *as deemed appropriate by a medical professional*.

Plaintiffs are injured by Defendants' blanket policy and practice of denying all access to MAT for non-pregnant inmates with OUD. For the reasons discussed in our opening motion, and those provided below, Plaintiffs respectfully renew their request for class certification so they can pursue redress of this injury and the above relief.

## II. ARGUMENT

Defendants have failed to raise any persuasive arguments for this Court to deny or otherwise stay class certification.

**A. Class Plaintiffs have met the Fed. R. Civ. P. 23(a) numerosity, commonality, typicality, and adequacy requirements.**

    **1. Plaintiffs' class is sufficiently defined as all current and future non-pregnant inmates in the Whatcom County Jail diagnosed with OUD.**

Fed. R. Civ. P. 23(a) includes four prerequisites to class certification: numerosity,

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 1
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

commonality, typicality, and adequacy.  Yet, Defendants begin their arguments regarding Fed. R. Civ. P. 23(a) with the contention that Plaintiffs' class is not "sufficiently defined." Resp. 6:10.  Defendants appear to be arguing that Plaintiffs have not met the purported "ascertainability" requirement.  However, the Ninth Circuit has clarified that ascertainability is not treated as a separate element but is addressed in the context of the four prerequisites under Fed. R. Civ. P. 23(a).  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017), *cert. denied* 138 S. Ct. 313 (2017).  Moreover, this Court has already recognized that "due to the unique characteristics of a Rule 23(b)(2) class, it is improper to require ascertainability."[1]  *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1326 (W.D. Wash. 2015).

Regardless, neither of Defendants' grounds for Plaintiffs' class being insufficiently defined is persuasive.  First, Defendants argue the individualized nature of an MAT regimen renders the class indefinite.  Defendants' argument fails because Plaintiffs do not ask this Court to order specific treatment for any inmate.  Instead, Plaintiffs seek an injunction requiring Defendants to implement a generally-applicable policy for providing medically appropriate MAT to current and future class members diagnosed with OUD. Such an injunction would require Defendants to continue an MAT regimen prescribed by an inmate's medical providers before she entered the jail, and to evaluate others entering the jail with possible OUD to determine if an in-jail MAT regimen is appropriate. This is similar to what Defendants now do for pregnant inmates. *See* Decl. of Lisa Nowlin in Support of Compl., ECF No. 1-2 ("Nowlin Decl."), Ex. C. Thus, Plaintiffs' class is intentionally and appropriately not specific to only one form, dosage, or regimen of MAT. Exactly what MAT is to be provided to each inmate is up to medical judgment, and Plaintiffs request only that the Defendants stop *preventing the possibility* of appropriate and individualized medical

---

[1] This Court specifically recognized that the Ninth Circuit's ruling in *Briseno* "forecloses [a defendant's] argument that [plaintiff] must demonstrate that the class is administratively feasible." *Erickson v. Elliot Bay Adjustment Co.*, 2017 WL 1179435, *11 (W.D. Wash. 2017).

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 2
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

treatment for OUD.  *See, e.g.*, *Dunakin*, 99 F.Supp.3d at 1333 (granting class certification where the Plaintiff "does not ask the court to order individualized remedies for the various class members; instead, he asks the court for an order requiring Defendants to develop a system of evaluation and implementation of corresponding services that complies with federal standards." (internal quotation marks omitted)).[2]

Second, Defendants argue the class is insufficiently defined because the "class definition does not include pregnant OUD inmates." Resp. 7:11.  Contrary to Defendants' assertion, the fact that the proposed class excludes pregnant OUD inmates is not problematic—it is dictated by Whatcom County Jail's current policy.  That Defendants provide MAT *only* to pregnant OUD inmates (*see* Nowlin Decl., Ex. C) is exactly why Plaintiffs defined the class as *non-pregnant* OUD inmates.  This Court should reject Defendants' contention that the proposed class is indefinite.[3]

---

[2] Moreover, Defendants do not identify any authority supporting the proposition that the individualized nature of MAT would render this class indefinite.  Defendants cite *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403-04 (1977) for the proposition that plaintiffs must possess the same interest and suffer the same injury as class members.  But in *E. Texas Motor Freight Sys.*, the named plaintiffs suffered no injury at all.  *Id.* Here, both named Plaintiffs and all class members in this case suffer an actual injury from Whatcom County Jail's blanket policy of denying any MAT to non-pregnant inmates diagnosed with OUD.  *See* Decl. of Gabriel Kortlever in Supp. of Mot. for Class Certification ¶ 12, filed July 13, 2018 ("Kortlever Decl."); Decl. of Sy Eubanks in Supp. of Mot. for Class Certification ¶ 14, filed July 13, 2018 ("Eubanks Decl.").

Defendants also rely on *Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 454 (M.D. Fla. 2001) to argue the class is vague, but there the plaintiffs defined the class using different estimates of disabled people in Florida or the country as a whole.  None of the numbers actually estimated the amount of people likely to be hurt by Walt Disney World.  Unlike the showing in *Access Now*, Plaintiffs here rely on Defendants' own records showing that there were at least 253 individuals incarcerated *in the Whatcom County Jail* in 2016 who self-reported as abusing heroin or other opiates.  *See* Nowlin Decl., Ex. I.  Defendants also cite *Access Now* to argue the definition of affected disabilities is relevant to class membership.  Resp. 6.  But here, all class members suffer from the same disability—OUD—which is defined in the DSM-5.  *See* Nowlin Decl. Ex. A.

Lastly, Defendants cite *Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1189 (N.D. Cal. 2007) to argue that courts may narrow a class definition.  While this Court has that discretion, Defendants have provided no reason or method for narrowing the proposed class here.

[3] This Court has stated that "an efficient class action begins with a class definition that describes 'a set of common characteristics sufficient to allow a prospective plaintiff to identify himself or herself as having a right to recover based on the description.'" *Erickson*, 2017 WL 1179435, at *11 (*quoting Kristensen v. Credit Payment Servs.*, 12 F.Supp.3d 1292, 1303 (D. Nev. 2014)).  "Class membership 'must be determinable from objective, rather than subjective, criteria.'" *Id.* Plaintiffs' proposed class definition is determinable from objective criteria and allows a prospective plaintiff to identify themselves.

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 3
Case No. 2:18-cv-00823
501561020 v15

### 2. Plaintiffs have established numerosity under Rule 23(a)(1).

"The numerosity requirement is satisfied when 'the class is so numerous that joinder of all members is impracticable.'" *Dunakin*, 99 F.Supp.3d at 1326 (*quoting* Fed. R. Civ. P. 23(a)(1)). "There is no threshold number of class members that automatically satisfies this requirement." *Id.* at 1326-27. "Generally, 40 or more members will satisfy the numerosity requirement." *Id.* at 1327.

Defendants' objection, Resp. 8-9, appears to be that Plaintiffs' estimate of the number of class members is not sufficiently precise since self-reported opiate users might hypothetically not be diagnosed with OUD. But such precision is not required when the relief sought is injunctive. As this Court has held, when a plaintiff "seeks only declaratory and injunctive relief, [he] does not need to establish the precise number of class members to demonstrate numerosity." *Dunakin*, 99 F.Supp.3d at 1327-28; *see also Does 1-10 v. University of Washington*, 2018 WL 1933687, *7 (W.D. Wash. 2018) ("Where a plaintiff seeks only injunctive and declaratory relief, however, the numerosity requirement is relaxed and plaintiffs may rely on reasonable inferences arising from plaintiffs' other evidence that the number of unknown and future members is sufficient to make joinder impracticable." (internal quotation marks omitted)).

But the question of numerosity is not limited to the number of class members. As this Court has recognized, "[t]he question is whether joinder of all potential plaintiffs would be impracticable." *Dunakin*, 99 F.Supp.3d at 1327. "It is a long-standing rule that 'impracticability' does not mean 'impossibility'; rather, impracticability means only 'the difficulty or inconvenience of joining all members of the class.'" *Id.* (quoting *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir.1964)). Factors in assessing whether impracticality justifies finding a small class sufficiently numerous include, in part, (1) judicial economy, (2) the ability of individual claimants to bring separate suits, and (3) whether plaintiffs seek prospective relief affecting future class members. *Id.*; *Rivera v.*

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 4
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Holder*, 307 F.R.D. 539, 550 (W.D. Wash. 2015).  Here, these other factors overwhelmingly support a finding of numerosity: (1) judicial economy is furthered by class certification; (2) individual drug addicted inmates have limited resources and limited ability to initiate suits on their own; and (3) the class seeks injunctive relief for present and future class members.  Indeed, when a class includes unnamed and unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met, regardless of class size.  *Ali v. Ashcroft*, 213 F.R.D. 390, 408-9 (W.D. Wash. 2003), *aff'd*, 346 F.3d 873 (9th Cir. 2003), opinion withdrawn on other grounds on denial of reh'g, 421 F.3d 795 (9th Cir. 2005).[4]  Because Plaintiffs seek injunctive relief for unknown future class members, numerosity is established.

The facts presented, especially when unknown future class members are considered, sufficiently establish numerosity.

### 3. The class presents common questions of law and fact.

Fed. R. Civ. P. 23(a)(2) requires that there be at least one question of law or fact in common to the members of a proposed class.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011).  Critical to meeting the commonality requirement is "the capacity of a class wide proceeding to generate common *answers* apt to drive the resolution of the litigation."  *Id*. at 350 (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L.Rev. 91, 132 (2009)).  "[T]he commonality requirement can be satisfied by proof of

---

[4] Defendants concede that "[t]he impact on unnamed future class members may affect the prerequisite of numerosity."  Resp. 8. The case they cite, *Rivera v. Holder*, 307 F.R.D. 539, 550 (W.D. Wash. 2015), notes that "Courts in this Circuit have disagreed about whether the inclusion of future class members, by itself, satisfies the numerosity requirement," citing cases that support and oppose that rule.  But *Rivera* does not cite *Ali* on this issue, and *Ali* plainly holds that the inclusion of future unknown class members does satisfy numerosity on its own.  Additionally, the Ninth Circuit and courts in this District hold that joinder of unknown future class members is "inherently impracticable."  *Jordan v. L.A. Cty.*, 669 F.2d 1311, 1320 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48) ("[t]he joinder of unknown individuals is inherently impracticable"); *Rojas v. Johnson*, 2017 WL 1397749, * (W.D. Wash. 2017) ("each putative subclass includes 'unnamed and unknown future' asylum applicants, and joinder of such 'individuals is inherently impracticable.'") (*quoting Jordan*).  *Rivera* ultimately found that "the transient nature of the class and the inclusion of future class members" weighed in favor of finding numerosity.  *Rivera*, 307 F.R.D. at 550.

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 5
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  the existence of systemic policies and practices that allegedly expose inmates to a substantial
2  risk of harm." *Parsons v. Ryan*, 754 F.3d 657, 681 (9th Cir. 2014).  Indeed, Defendants
3  concede that "[i]t is true that system wide practices that affect all members of a punitive [sic]
4  class satisfy commonality."  Resp. 10:7-8.

5       Despite this concession, Defendants argue that the proposed class—non-pregnant
6  individuals with OUD incarcerated in the Whatcom County Jail—lacks commonality because
7  "MAT is an individualized medical treatment procedure" and therefore "MAT protocols vary
8  from patient to patient."  Resp. 11:7-8.  However, the fact that individual class members have
9  slightly different medical needs is irrelevant to class commonality because the legal injury,
10 and therefore the remedy, is identical.  *See Rosas v. Baca*, 2012 WL 2061694, at *3 (C.D. Cal.
11 2012) ("In a civil rights suit . . . commonality is satisfied where the lawsuit challenges a
12 system-wide practice or policy that affects all of the putative class members. . . .  Under such
13 circumstances, individual factual differences among class members pose no obstacle to
14 commonality." (internal citations omitted)).

15      Plaintiffs seek a policy and practice that allows for the continuation of a regimen of
16 MAT prescribed by an inmate's medical providers before she entered the jail, and assessment
17 and treatment of other inmates with OUD that might be suitable for MAT, if consistent with
18 medical judgment.  Plaintiffs do not ask this Court to order specific treatments for class
19 members.  The details of each person's MAT regimen should be made by an appropriate
20 medical professional after the Whatcom County Jail's blanket policy and practice of denying
21 MAT is removed.  Thus, there is a common answer apt to drive the resolution of the litigation
22 and commonality is met.

23      **4.**     **The named Plaintiffs' claims are typical of the class.**

24      The typicality inquiry "involves comparing the injury asserted in the claims raised by
25 the named plaintiffs with those of the rest of the class."  *Armstrong v. Davis*, 275 F.3d 849,
26 869 (9th Cir. 2001), abrogated on other grounds by *Johnson v. California*, 543 U.S. 499, 125

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 6
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

S. Ct. 1141 (2005). It is not necessary "that the named plaintiffs' injuries be identical with those of other class members," only that the injuries are similar and "result from the same, injurious course of conduct." *Id*. Defendants concede that "[c]laims need not be identical." Resp. 10:14-15.

Defendants again rely on the fact that MAT procedures are "individualized" to argue that the two named Plaintiffs are not typical. Defendants argue that "[b]oth named Plaintiff's [sic] likely receive differing doses" and "receive different medical treatment for OUD based on their unique medical concerns." Resp. 11:11-13.

Again, the fact that the named Plaintiffs have slightly differing medical needs from each other, and from other members of the class, is irrelevant. The material common thread is that Defendants deny all of them access to MAT of any kind. Both named Plaintiffs, like the rest of the class, were injured by Defendants' blanket policy and practice of denying MAT to non-pregnant inmates. Both named Plaintiffs are not pregnant, suffer from OUD, and were denied MAT by Defendants, causing injury. It is true that the named Plaintiffs' specific dosage, combination of medication, and other treatment details differ slightly, as will the treatment details of all members of the class. However, such differences are irrelevant to the injury Plaintiffs claim, which, like the injuries of the rest of the class, result from the same conduct by Defendants. The named Plaintiffs are typical of the class.

**5.     The named Plaintiffs will adequately protect the interests of the class.**

Fed. R. Civ. P. 23(a)(4) requires that the named Plaintiffs, and class counsel, have an interest in vigorously prosecuting the action "on behalf of the class" and not "have any conflicts of interest with other class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Where a case seeks only declaratory and injunctive relief, there is "less risk of conflict with unnamed class members" because they share the common goal of eliminating Defendants' discriminatory policies. *Hernandez v. Cty. Of Monterey*, 305 F.R.D. 132, 160 (N.D. Cal. 2015).

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 7
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Defendants do not challenge counsel's adequacy.  Defendants only argue that Plaintiffs are inadequate representatives of the class because they are on different MAT protocols from other class members and "similarly situated persons suffering from OUD receive varying medical treatment based on the individual nature of their medical history and current conditions."  Resp. 11:19-20.

Again, the fact that class members, including the named Plaintiffs, may need somewhat different MAT regimen is irrelevant.  Plaintiffs seek a policy and practice of treating OUD with MAT as deemed appropriate by medical professionals, not an order specifying how each class member should receive treatment.  A policy of assessing OUD and making MAT available to the extent prescribed by a medical professional will benefit all class members regardless of the specific form of MAT prescribed for any particular individual.  Therefore, there is no conflict of interest between the named Plaintiffs and any other member of the class; Plaintiffs are adequate class representatives.

**B.     Plaintiffs have established the requirements of certification under Rule 23(b)(2).**

"Certification of a class is appropriate under Rule 23(b)(2) where 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'"  *Dunakin*, 99 F.Supp.3d at 1332 (quoting Fed. R. Civ. P. 23(b)).  Defendants admit that an injunction will provide relief to the entire class in this case: "Plaintiffs seek injunctive relief that would necessarily benefit the proposed class in its entirety."  Resp. 9:11-12.  Therefore, Defendants' own argument supports that 23(b)(2) certification is appropriate.

Defendants' other arguments regarding 23(b)(2) certification should be rejected.  First, Defendants argue that the jail "has not employed a system wide policy of denying MAT to persons suffering from OUD."  Resp. 12:13-14.  It is conceivable that Defendants were merely implying that there is no system-wide policy because Whatcom County Jail provides MAT to *pregnant women* with OUD.  *See* Resp. 12:11-13.  Such an argument would be

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 8
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

superfluous though, because it fails to address the jail's policy of denying MAT to the proposed class: all non-pregnant individuals with OUD. To the extent Defendants intend to argue that Whatcom County Jail does not have a policy and practice of denying MAT to non-pregnant inmates with OUD, Plaintiffs will prove to the contrary at trial.

Whatcom County Jail's own policy documents evidence such a policy. *See* Nowlin Decl., Exs. B, C, D). Those policies provide that medication services must be "clinically appropriate and provided in a timely, safe and sufficient manner." *Id.* at Ex. B. But Whatcom County Jail's only policy related to the provision of MAT, the "Subutex Protocol" applies exclusively to pregnant inmates. *Id.* at Ex. C. For all non-pregnant inmates, Whatcom County Jail has no policy or protocol for the provision of MAT; in fact, its only policy applicable to that class of inmates provides for merely "comfort" medications for the symptoms of withdrawal, including Phenegran (an antihistamine) for nausea and vomiting, Imodium for diarrhea, and/or Tylenol. *See Id.* at Ex. D.

Further, the named Plaintiffs were both denied MAT for their OUD, and have no knowledge of the jail providing any other non-pregnant inmate with MAT. Kortlever Decl., ¶ 7, 8, 12; Eubanks Decl., ¶ 10, 11, 16. Further still, clinicians in the area will testify that their patients with OUD are denied MAT after incarceration at the jail. *See, e.g.,* Decl. of Charles Watras in Supp. of Motion for Class Certification; Decl. of Adam Kartman in Supp. of Mot. for Class Certification; Decl. of Jon Ransom in Supp. of Mot. for Class Certification.

Finally, undersigned counsel from the ACLU has repeatedly been in contact with the Whatcom County Jail regarding its policy and practice of denying MAT to non-pregnant inmates with OUD since August 22, 2017. *See* Nowlin Decl., Ex. E-H. Until its Response brief, Defendants have never disputed having this policy and practice. Nor did Whatcom County Sheriff Bill Elfo deny the existence of such a policy in his communications with the press since this lawsuit was filed. *See, e.g.*, Denver Pratt, *ACLU lawsuit demands jail opioid*

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 9
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*treatment*, THE BELLINGHAM HERALD, https://www.bellinghamherald.com/news/local/article212849134.html.

Regardless, this is a merits issue. "[A] court ruling on class certification 'is merely to decide a suitable method of adjudicating the case' and 'should not turn class certification into a mini-trial on the merits.'" *Does 1-10 v. University of Washington*, 2018 WL 1933687, at *6. There is more than enough evidence before the Court to show at this stage that the issue of a policy of complete denial of MAT to the proposed class is at the heart of this case.

Defendants' next argument is the same argument they make in opposition to the 23(a) criteria, that there is variance in the OUD treatment within the jail, and it is an individualized issue of medical treatment. Resp. at 12. This argument is very similar to the argument made by defendant in *Dunakin*, which this Court rejected:

> Defendants assert that rule 23(b) certification is not appropriate here because Mr. Dunakin 'has not established that . . . . Defendants have taken, or refused to take, any actions 'that apply generally to the class' or that any relief would be 'appropriate respecting the class as a whole.' . . . . Defendants argue that "determining what relief is available for a given individual in the class would necessarily require evidentiary hearings on both whether that individual is a member of the class at all, and what specific injury that individual may have incurred." . . . .
>
> The court disagrees. Mr. Dunakin is not asking the court to make separate determinations concerning the individual services that are appropriate for each class member. Rather*, class members seek relief from systemic barriers to proper treatment and services*. Specifically, Mr. Dunakin seeks implementation of appropriate policies, practices, and procedures by Defendants to ensure that putative class members are screened and evaluated . . . .

*Dunakin*, 99 F.Supp.3d at 1333 (emphasis added). Similarly, as discussed above regarding commonality, Plaintiffs here are not asking the Court to make separate determinations concerning the individual treatment that is appropriate for the class; rather Plaintiffs seek "relief from systemic barriers" and "implementation of appropriate policies, practices, and procedures by Defendants to ensure that putative class members are screened and evaluated." *Id.*

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 10
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Defendants' argument here "misses the point" of Rule 23(b)(2) certification "which requires only that 'the primary relief sought is declaratory or injunctive.'" *Does 1-10*, 2018 WL 1933687, at *12 (*quoting Rodriquez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010)). "In other words, '[t]he rule does not require [the court] to examine the viability or bases of class members' claims for declaratory or injunctive relief, but only to look at whether members seek uniform relief from a practice applicable to all of them.'" *Id.* "The Ninth Circuit emphasizes that 'it is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Id.* (*quoting Rodriquez*, 591 F.3d at 1125). Here, as in *Does 1-10*, "[d]espite factual differences among various putative class members," "the uniform injunctive and declaratory relief sought by all putative class members satisfies the requirements of Rule 23(b)(2)." *Id.*

The Court should find the class seeking uniform injunctive relief is properly certified as a class action under Rule 23(b)(2).

**C.    A stay for discovery or Defendants' motion to dismiss is inappropriate and unnecessary.**

In an apparent effort to delay class certification, Defendants seek the alternative relief of a stay. Under the Federal Rules of Civil Procedure, courts should make the certification decision "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). And while the court "may order postponement of the determination pending discovery or such other preliminary procedures *as appear appropriate and necessary in the circumstances*," LCR 23(i)(3) (emphasis added), "where the necessary factual issues may be resolved without discovery, [discovery] is not required." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Generally speaking, "[t]he party seeking the stay bears the burden of demonstrating 'that the circumstances justify the exercise of that discretion.'" *Doe v. Trump*, 284 F. Supp. 3d 1172, 1178 (W.D. Wash. 2018) (quoting *Wash. v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017)). Here, Defendants have failed to meet that burden.

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 11
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

First, Defendants argue that a stay is necessary so they can obtain discovery related to the issue of numerosity, but the only documents they seek are in *their* exclusive possession:

> further discovery may allow for the presentation of additional evidence that would allow for an accurate projection of the number of OUD persons detained in the Whatcom County Jail currently, and the number of OUD persons incarcerated in recent years. *Whatcom County Jail maintains detailed medical records that would be relevant to determining the prospective number of unnamed class members.*

Resp. 5:13-17 (emphasis added).  As a threshold matter, this discovery is unnecessary as Plaintiffs have already offered sufficient proof of numerosity.  *See* Section II(B)(1), above. Regardless, Defendants concede that these records are in their own possession.  Defendants have not identified a single factual issue on which they need discovery *from the Plaintiffs*, so a stay for additional discovery is not required before this Court rules on class certification.

Second, while Defendants argue that the Court may "hear [their] dispositive motion prior to the motion to certify class," Defendants provide no persuasive reason why the Court should prioritize their motion over Plaintiffs' earlier filed motion.  Even the case Defendants rely on notes that "it is often more efficient and fairer to the parties to decide the class question" before the dispositive motion.  *Curtin v. United Airlines*, 275 F.3d 88, 92 (D.C. Cir. 2001).  Defendants' motion to dismiss is based upon grounds unrelated to class certification—whether Plaintiffs have exhausted available administrative remedies.  Defendants have provided no reason that their dispositive motion should be decided first; the request is made for the purpose of delay only and should be denied.

[*signatures on the following page*]

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 12
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Respectfully submitted this 13th day of July, 2018.

        K&L GATES LLP

        By   *s/ D. Matthew Doden*
          Bart Freedman, WSBA #14187
          Todd Nunn, WSBA #23267
          D. Matthew Doden, WSBA #43573
          Christina A. Elles, WSBA #51594
925 4th Avenue #2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Email: bart.freedman@klgates.com
   todd.nunn@klgates.com
   matt.doden@klgates.com
   christina.elles@klgates.com


AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION


By:   */s/ Lisa Nowlin*
   Lisa Nowlin, WSBA #51512
   Jessica Wolfe, WSBA #52068
   John Midgley, WSBA #6511
   Mark Cooke, WSBA #40155
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Email: lnowlin@aclu-wa.org

*Attorneys for Plaintiffs Gabriel Kortlever, Sy Eubanks, and All Others Similarly Situated*

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 13

Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**CERTIFICATE OF ECF FILING AND SERVICE**

I certify that on July 13, 2018, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record:

>George C. Roche
>Whatcom County Prosecuting Attorney's Office
>County Courthouse
>311 Grand Avenue
>Bellingham, WA  98225
>Attorney for Defendants

>  *s/ D. Matthew Doden*
> D. Matthew Doden
> K&L Gates LLP
> 925 Fourth Avenue, Suite 2900
> Seattle, WA  98104
> Phone:  (206) 623-7580
> Fax:  (206) 623-7022
> E-mail:  matt.doden@klgates.com

REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION - 14
Case No. 2:18-cv-00823
501561020 v15

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022