Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL KORTLEVER, SY EUBANKS, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHATCOM COUNTY, WASHINGTON; WHATCOM COUNTY SHERIFF'S OFFICE<br><br>Defendants. | No. 2:18-cv-00823<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS** |

## Introduction

The Defendants have filed what is styled as a "CR 12(b)(6) motion" claiming that this case should be dismissed without prejudice because plaintiffs have not exhausted their administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). However, the burden to plead and prove lack of exhaustion is on Defendants and a motion to dismiss would only be proper if it appeared beyond doubt from the face of the Complaint that Plaintiffs have not exhausted available remedies. Since the Complaint does not

Plaintiffs' Response to Motion to Dismiss - 1

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

include critical information about what remedies Defendants claim have not been exhausted, the "motion to dismiss" should itself be dismissed and Defendants directed to the proper procedural vehicle to make their claim as required by the Ninth Circuit.

## Argument

### I. The Defendants Have Employed Incorrect Procedure And Must Plead and Prove Lack of Exhaustion Rather Than Pressing A Rule 12(b)(6) Motion.

#### a. Defendants Must Affirmatively Prove Lack of Exhaustion Unless The Complaint Itself Conclusively Shows Lack of Exhaustion.

Plaintiffs concede that the PLRA requires prisoners to exhaust "such administrative remedies as are available" before filing suit. 42 U.S.C. § 1997e(a). However, the United States Supreme Court has held that exhaustion is not a pleading requirement for prisoner plaintiffs, but rather that defendants bear the burden to show lack of exhaustion. In *Jones v. Bock,* 549 U.S. 199, 216 (2007), the Court held that exhaustion under § 1997e(a) is an affirmative defense that the defendant must plead and prove.

In *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), the *en banc* 9th Circuit discussed the procedural implications of *Jones* and concluded, as had other circuits, that PLRA exhaustion claims are subject to in effect a summary judgment proceeding with the burden on defendants to prove lack of exhaustion. *Albino* describes in detail the required procedure. *Id.* at 1168-171. It begins with requiring the defendant to provide proof of both the existence of an available administrative remedy and that the prisoner failed to exhaust it. The prisoner then has the burden of production of evidence to show "that the local remedies were ineffective,

unobtainable, unduly prolonged, inadequate, or obviously futile." *Id.* at 1172 (citation omitted). But, "as required by *Jones*, the ultimate burden of proof remains with the defendant."[1] *Id.*

The only exception to this required procedure is that in the "rare" case in which failure to exhaust available remedies is "clear from the face of the complaint," defendants may employ a 12(b)(6) procedure. *Id.* at 1169. However, this is not that rare case.

### b. The Complaint Itself Does Not Show Lack of Exhaustion.

The Defendants purport to recognize the holdings of *Jones* and *Albino*, but attempt to claim that the face of Plaintiffs' Complaint conclusively shows lack of exhaustion. However, this is not the case. Though the Plaintiffs bear no burden to plead anything about exhaustion, the Complaint does contain brief allegations that each named plaintiff has filed a grievance complaining about Defendants' policy to deny Medication Assisted Treatment to them and others, and that one of them received a response and appealed. Complaint, Dkt. 1, paragraphs 72 and 84. However, these short allegations contain no information from which this Court can conclude what this means for PLRA exhaustion. There is no information regarding what Whatcom County claims are its administrative complaint procedures that are available and adequate for the Defendants to claim nonexhaustion under the PLRA, let alone whether the County has properly applied any such procedures to these plaintiffs.

Much further information would be needed for this Court to make any exhaustion determination, and under *Jones* and *Albino* the Defendants are obligated to provide that information in the first instance. *Fuqua v. Ryan*, 890 F.3d 838, 849-850 (9th Cir. 2018)

---

[1] The required procedure does deviate in one respect from a typical summary judgment proceeding in that if facts are disputed, the trial court is empowered to determine the facts. *Id.* at 1170-71.

Plaintiffs' Response to Motion to Dismiss - 3

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

(reiterating PLRA requires administrative remedies to be "available" and that "particular circumstances of the prisoner's case must be considered," and cataloging some of the ways in which remedies can be found functionally unavailable). *See* also *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225-26 (10th Cir. 2007) (cited by the *Albino* court) (information about what remedies are available is key, and so information from defendants as well as the inmate is likely necessary); *Stewart v. Cent. Ariz. Corr. Facility,* No. CV 09-0674-PHX-MHM, 2009 WL 3756504 (D. Ariz. Nov. 9, 2009) (complaint detailed prisoner's efforts to exhaust and conceded he had not finished the process but claimed lack of response and other barriers; defendants were required to provide evidence of the procedure and its steps, what happened to any grievances plaintiff filed, what happens if there is no response to a grievance, etc.).

The Defendants here claim a failure of exhaustion without providing any information about what administrative remedies exist, how Defendants administer those procedures, or what has happened to the grievances Plaintiffs filed. It would be directly inconsistent with *Jones* and *Albino* for the Court to hear Defendants' motion on this threadbare record. If the Defendants wish to claim nonexhaustion, they must follow the summary judgment procedure outlined in *Albino*.

## Conclusion

For the foregoing reasons, the Court should deny Defendants' motion.

Respectfully submitted this 23rd day of July, 2018.

        AMERICAN CIVIL LIBERTIES UNION OF
        WASHINGTON FOUNDATION

        By: */s/John Midgley*
            Lisa Nowlin, WSBA #51512
            Jessica Wolfe, WSBA #52068

Plaintiffs' Response to Motion to Dismiss - 4

**AMERICAN CIVIL LIBERTIES UNION OF**
**WASHINGTON FOUNDATION**
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

                John Midgley, WSBA #6511
                Mark Cooke, WSBA #40155
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Email: lnowlin@aclu-wa.org
       jwolfe@aclu-wa.org
       jmidgley@aclu-wa.org
       mcooke@aclu-wa.org

K&L G<small>ATES</small> LLP

By  */s/D. Matthew Doden*
      Bart Freedman, WSBA #14187
      Todd Nunn, WSBA #23267
      D. Matthew Doden, WSBA #43573
      Christina A. Elles, WSBA #51594
925 4th Avenue #2900
Seattle, WA 98104
Telephone: (206) 623-7580
Email: bart.freedman@klgates.com
      todd.nunn@klgates.com
      matt.doden@klgates.com
      christina.elles@klgates.com

*Attorneys for Plaintiffs*

Plaintiffs' Response to Motion to Dismiss - 5

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184