Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL KORTLEVER, SY EUBANKS, and ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> WHATCOM COUNTY, WASHINGTON; WHATCOM COUNTY SHERIFF'S OFFICE, <br><br> Defendants. | Case No. 2:18-cv-00823 <br><br> **PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT** <br><br> **Note for Motion Calendar:** <br> May 17, 2019 |

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 1

    A.    Factual and Procedural Background. ....................................................................... 1

    B.    The Settlement Agreement. ...................................................................................... 2

III. ARGUMENT AND AUTHORITY ................................................................................ 3

    A.    The Settlement Approval Process. ........................................................................... 3

    B.    The Settlement Agreement Satisfies the Criteria for Preliminary Approval. .............. 5

        1.    The Settlement Agreement is the Product of Serious, Informed, and Non-Collusive Negotiations. ................................................................................ 5

        2.    The Settlement Agreement Does Not Suffer from Any Obvious Deficiencies .. 6

        3.    The Settlement Agreement Does Not Improperly Grant Preferential Treatment to Class Representatives or Segments of the Class. ........................................... 7

        4.    The Settlement Agreement Falls Within the Range of Possible Approval. ....... 7

        5.    The Requested Attorneys' Fees and Costs Are Fair and Reasonable ................ 8

    C.    Provisional Certification of the Settlement Class is Appropriate. .............................. 9

        1.    The Rule 23(a) Requirements are Met ................................................................ 9

        2.    The Rule 23(b)(2) Requirements are Met ......................................................... 14

    D.    The Court Should Appoint Class Counsel. ............................................................. 15

    E.    The Proposed Notice Program is Constitutionally Sound. ...................................... 16

    F.    Scheduling a Final Approval Hearing is Appropriate. ............................................ 17

IV. CONCLUSION .............................................................................................................. 17

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - i
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ........................................................... 22

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ............................................. 21

*Austin v. Pennsylvania Dept. of Corrections*,
   876 F.Supp. 1437 (E.D. Pa. 1995)...................................... 24

*In re Bluetooth Headset Prod. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .......................................*passim*

*Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*,
   249 F.R.D. 334 (N.D. Cal. 2008) ....................................... 22

*Cifuentes v. CEVA Logistics U.S., Inc.*,
   No. 16-cv-01957, 2017 WL 2537247 (S.D. Cal. 2017) ..................... 11

*Civil Rights Educ.& Enforcement Ctr v. Ashford Hospitality Trust, Inc.*,
   No. 15-cv-00216, 2016 WL 1177950 (N.D. Cal. 2016)..................... 16

*Civil Rights Education and Enf't Ctr. v. Hosp. Props. Tr.*,
   317 F.R.D. 91 (N.D. Cal. 2016) ......................................... 17

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ........................................... 10

*Collins v. Cargill Meat Solutions Corp.*,
   274 F.R.D. 294 (E.D. Cal. 2011)......................................... 15

*G.F. v. Contra Costa Cnty*,
   No. 13-cv-03667, 2015 WL 7571789 (N.D. Cal. 2015)..................... 16

*Gen. Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ................................................. 20, 21

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)
   ................................................................. 11, 12, 21

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - ii
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Hernandez v. Cty. of Monterey*,
    305 F.R.D. 132 (N.D. Cal. 2015)
    ..................................................................................................... 21, 22, 23

*Hughes v. Microsoft Corp.*,
    No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. 2001) .......................... 12

*Jordan v. Cty. of Los Angeles*,
    669 F.2d 1311 (9th Cir. 1982), *vacated on other grounds by Cty. of Los
    Angeles v. Jordan*, 459 U.S. 810 (1982)............................................................ 17

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ..................................................................................... 23

*Nat'l Ass'n of Radiation Survivors v. Walters*,
    111 F.R.D. 595 (N.D. Cal. 1986) ...................................................................... 17

*In re Oracle Sec. Litig.*,
    1994 WL 502054 (N.D. Cal. June 18, 1994)......................................................... 14

*Pa. Dep't of Corr. v. Yeskey*,
    524 U.S. 206 (1998) ..................................................................................... 19

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014)
    ..................................................................................................... 19, 20, 21

*Rinky Dink, Inc. v. World Business Leaders, LLC*,
    No. C14-0268, 2016 WL 4052588 (W.D. Wash. 2016)..................................... 11

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009) .......................................................................... 14

*Smith v. Univ. of Wash. Law Sch.*,
    2 F.Supp.2d 1324 (W.D. Wash. 1998) ............................................................... 17

*Spann v. J.C. Penny Corp.*,
    314 F.R.D. 312 (C.D. Cal. 2016)............................................................. 11, 12

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .......................................................................... 12

*Stockwell v. City and Cty. of San Francisco*,
    749 F.3d 1107 (9th Cir. 2014) ........................................................................ 20

*Sueoka v. United States*,
    101 F. App'x 649 (9th Cir. 2004) (unpublished)................................................. 17

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*In re Tableware Antitrust Litig.*,
    484 F.Supp.2d 1078 (N.D. Cal. 2007)................................................................. 11, 12

*Villegas v. J.P. Morgan Chase & Co.*,
    2012 U.S. Dist. LEXIS 166704 (N.D. Cal. 2012) ............................................... 15

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................. 18, 20

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998) ............................................................................. 22

## STATUTES

42 U.S.C. § 12102(1)................................................................................................. 19

42 U.S.C. § 12132 ...................................................................................................... 9, 19

42 U.S.C. § 12205 ...................................................................................................... 15

## OTHER AUTHORITIES

7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
    1763 (3d ed. 2018)................................................................................................. 18

Fed. R. Civ. P. 23(a)(1) ............................................................................................ 17

Fed. R. Civ. P. 23(a)(3) ............................................................................................ 20

Fed. R. Civ. P. 23(a)(4) ............................................................................................ 21

Fed. R. Civ. P. 23(e)
    ........................................................................................................... 8, 10, 24

Fed. R. Civ. P. 23(e)(2) ............................................................................................ 10

Fed. R. Civ. P. 23(g) ............................................................................................. 22, 23

Fed. R. Civ. Pro. 23(a)(2) ........................................................................................ 18

Health, DOH 346-083, *Opioid-Related Deaths in Washington State, 2006–
    2016* (2017), *available at*
    https://www.doh.wa.gov/Portals/1/Documents/Pubs/346-083-
    SummaryOpioidOverdoseData.pdf ...................................................................... 18

Manual for Complex Litigation, Fourth (2014). ..................................................... 10

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

2

William B. Rubenstein, *Newberg on Class Actions* § 13:15 (5th ed. Nov. 2018
    Update) ..................................................................................................................... 14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - v
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# I. INTRODUCTION

Plaintiffs Gabriel Kortlever and Sy Eubanks ("Plaintiffs"), by and through their counsel, respectfully move the Court for preliminary approval of the Settlement Agreement ("Settlement Agreement") reached with Defendants Whatcom County, Washington and Whatcom County Sheriff's Office (collectively "Defendants"), pursuant to Fed. R. Civ. P. 23(e). For the reasons set forth below and in the supporting documents, the Settlement Agreement is fair, reasonable, and adequate and serves the best interests of the settlement class members. Accordingly, Plaintiffs respectfully requests that the Court: (1) grant preliminary approval of the Settlement Agreement, including the fees and costs payments to Plaintiffs' counsel and modest incentive rewards to class representatives; (2) provisionally certify the proposed Settlement Class; (3) appoint Lisa Nowlin and John Midgley of the American Civil Liberties Union of Washington Foundation, and Bart Freedman of K&L Gates LLP, as co-lead class counsel for the Settlement Class; (4) approve the proposed notice plan and class notice forms; and (5) schedule the final fairness hearing and related dates as proposed by the parties.

# II. STATEMENT OF FACTS

## A. Factual and Procedural Background.

This case was filed on June 6, 2018, and concerns access to Medication-Assisted Treatment (MAT) in Whatcom County Jail (the "Jail") in Bellingham, Washington. *See* Complaint, ECF 1. Simultaneously with the Complaint, Plaintiffs filed a Motion for Class Certification to represent a class of non-pregnant individuals with disabling opioid use disorder (OUD) who are incarcerated, or who will be incarcerated in the future, in the Jail. *See* Mot. For Class Certification, ECF 2. Plaintiffs alleged that Defendants have a policy and practice of categorically refusing to provide MAT to non-pregnant individuals incarcerated at the Jail. *See* Complaint, ECF 1 at ¶¶ 2, 11, 52, 59, 72, 100. As a result, Plaintiffs and the class they seek to represent allege they are excluded from participation in and denied the benefits of Defendants' medication services, based solely on Plaintiffs' OUD, in violation of the Americans with

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    Disabilities Act (ADA).  *See* 42 U.S.C. § 12132.

2         Defendants filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief

3    Can Be Based on June 28, 2018, alleging that Plaintiffs failed to comply with the exhaustion

4    requirement under the Prisoner Litigation Reform Act (PLRA).  *See* ECF 9.  On June 29, 2018,

5    Defendants asked the Court to deny Plaintiffs' Motion for Class Certification.  *See* ECF 12.

6         On July 26, 2018, before any motions had been ruled upon, the parties filed a Stipulated

7    Motion to Stay Proceedings.  *See* ECF 23.  The parties have been engaged in settlement

8    negotiations since then.  At all times, the negotiations were adversarial, non-collusive, and at

9    arm's length between experienced attorneys who are familiar with class action litigation in

10   general and with the legal and factual issues of this case in particular.  Declaration of Lisa

11   Nowlin, Ex. 1 ("Nowlin Decl.") ¶6.  The discussions culminated in a Settlement Agreement

12   between the parties.  *See generally id.*

13        **B.      The Settlement Agreement.**

14        The Settlement Agreement is filed with the Court.  *See id.*  For the purpose of

15   preliminary approval, the Settlement Agreement's terms are summarized below.

16        Defendants have implemented or will implement three new policies related to the

17   provision of MAT to inmates at the Jail.  In addition to the policies, the Settlement Agreement

18   outlines goals and requirements for the Jail's MAT program.

19        In August 2018, the Jail implemented a "Suboxone Protocol / Non Pregnant Females

20   and Males Opiate Withdrawal," and in April of 2019 Whatcom County Jail adopted "Opioid

21   Withdrawal Policy, Non-pregnant females and males," which addressed the need of providing

22   medications to appropriate individuals in opiate withdrawal.  In January 2019, Whatcom

23   County Jail implemented a "Medication-Assisted Treatment with Suboxone Protocol," and in

24   April of 2019 Whatcom County Jail adopted "Medication-Assisted Treatment For Opioid Use

25   Disorder Maintenance Policy, Non-Pregnant Females And Males," which addressed the

26   continued provision of MAT to inmates who enter the Whatcom County Jail already

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 2
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  participating in a MAT treatment program.  Per the Settlement Agreement, the Jail shall allow

2  qualified inmates with existing MAT prescriptions, such as for Suboxone, Subutex, or Vivitrol,

3  to maintain their MAT treatment as long as clinically indicated.

4          Within four months of final approval of the settlement, the Jail will implement a

5  "Medication-Assisted Treatment for Opioid Use Disorder Induction Policy," allowing inmates

6  to begin receiving MAT services in the Jail, regardless of whether they were already taking

7  MAT at their time of entry to the Jail.  MAT services will include Suboxone and Subutex

8  options, and may also include long acting MAT medications such as Vivitrol.

9          The Settlement Agreement also includes additional requirements regarding the

10  treatment of inmates receiving MAT, training and implementation requirements, procedures for

11  revising the MAT policies and protocols, and reporting requirements.

12                          **III. ARGUMENT AND AUTHORITY**

13          **A.      The Settlement Approval Process.**

14          Proposed class action settlements are not effective unless approved by the court.  Fed.

15  R. Civ. P. 23(e).  Federal courts strongly favor and encourage settlements, especially in class

16  actions and other complex matters.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276

17  (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where

18  complex class action litigation is concerned.").  The Court may only approve a settlement that,

19  taken as a whole, is fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2); *see also*, *In re*

20  *Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (hereinafter *In re*

21  *Bluetooth*).  Here, the Settlement Agreement is the best vehicle for the Settlement Class to

22  receive relief in a prompt and efficient manner.

23          The approval process for a class action settlement takes place in three stages:

24  preliminary approval, notice, and final approval.  *See Manual for Complex Litigation (Fourth)*

25  ("MCL 4th") §§ 21.632 – 21.634, at 432–34 (2014); *see also*, *Rinky Dink, Inc. v. World Business*

26  *Leaders, LLC*, No. C14-0268, 2016 WL 4052588, at *1 (W.D. Wash. 2016).

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 3
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    Preliminary approval of a settlement establishes an "initial presumption" of fairness

2    such that notice and scheduling of a formal fairness hearing, or Final Approval Hearing, is

3    worthwhile.   *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)

4    (internal quotation marks and citation omitted) (hereinafter *In re Tableware*).   This Court has

5    broad discretion to approve or reject a proposed settlement.   *See In re Bluetooth*, 654 F.3d at

6    940 (noting that the standard of review is "clear abuse of discretion" and the appellate court's

7    review is "extremely limited"); *see also*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th

8    Cir. 1998) (hereinafter *Hanlon*) ("[T]he decision to approve or reject a settlement is committed

9    to the sound discretion of the trial judge because he is exposed to the litigants, and their

10   strategies, positions and proof.") (internal quotation marks omitted).

11   With this motion, Plaintiffs request that the Court take the first step in the settlement

12   approval process by granting preliminary approval of the proposed Settlement Agreement.

13   Some courts will approve a proposed settlement at the preliminary stage so long as the terms of

14   the settlement are "within a range of possible judicial approval."   *Spann v. J.C. Penny Corp.*,

15   314 F.R.D. 312, 319 (C.D. Cal. 2016) (internal quotation marks omitted) (hereinafter, *Spann*);

16   *see also*, *Cifuentes v. CEVA Logistics U.S., Inc.*, No. 16-cv-01957, 2017 WL 2537247, at *4

17   (S.D. Cal. 2017) ("[A]t the preliminary approval stage, the Court need only review the parties'

18   proposed settlement to determine whether it is within the permissible 'range of possible judicial

19   approval' and thus, whether notice to the class and scheduling of a fairness hearing is

20   appropriate.") (citing William B. Rubenstein, *Newberg on Class Actions* § 11.25 (4th ed.

21   2002)).   Other courts grant preliminary approval "if the proposed settlement appears to be the

22   product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not

23   improperly grant preferential treatment to class representatives or segments of the class, and

24   falls with the range of possible approval[.]'"   *In re Tableware*, 484 F.Supp.2d at 1079 (internal

25   quotation marks omitted) (citing Manual for Complex Litigation, Second § 30.44 (1985)).   This

26   settlement satisfies either standard.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 4
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

When a case settles before class certification the Court must also determine whether the class satisfies the Rule 23 requirements for class certification.  *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) ("Especially in the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement.").  The settlement class satisfies all requirements for certification as outlined in Plaintiffs' class certification briefing and as reiterated below.

**B.      The Settlement Agreement Satisfies the Criteria for Preliminary Approval.**

> *1.      The Settlement Agreement is the Product of Serious, Informed, and Non-Collusive Negotiations.*

The Court's role is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027.  When evaluating a proposed settlement, "the Court keeps in mind the unique ability of class counsel to assess potential risks and rewards of litigation." *Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, at *7 (W.D. Wash. 2001).  If the settlement is the product of an arms-length, non-collusive, negotiated resolution, "courts afford the parties the presumption that the settlement is fair and reasonable." *Spann*, 314 F.R.D. at 324.

The Ninth Circuit has identified three signs of collusion:

1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded;
2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class; and
3) the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund.

*In re Bluetooth*, 654 F.3d at 947 (internal quotation marks and citations omitted).

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

None of these three factors are present here.  First, there is no evidence of collusion because class counsel is not receiving a disproportionate distribution of the Settlement Agreement.  Plaintiffs' counsel will recover just $25,000 in attorneys' fees despite the fact that as of February, Plaintiffs' counsel had dedicated over 700 hours to this case for a total of $265,000.  As a Rule 23(b)(2) case, injunctive relief prohibiting Defendants' policy and practice of denying MAT to non-pregnant individuals, not monetary relief, has always been the goal.  The Settlement Agreement clearly achieves Plaintiffs' goal.  Second, there is no "clear sailing" provision in the Settlement Agreement.  Third, there is no reversion of any settlement fees to Defendants.

The Settlement Agreement is the result of serious, informed, and arm's-length negotiations between experienced attorneys for both parties who are familiar class action litigation and with the factual issues of this case and therefore, the Settlement Agreement should be afforded an initial presumption of fairness.  The parties participated in nine months of negotiations discussing critical components of MAT policies and protocols, and exchanging numerous offers and counter-offers.

At all times, Plaintiffs' counsel have placed the interests of the Settlement Class ahead of their own, scrutinizing the settlement details and the Defendants proposed MAT policies to ensure the highest level of care at the Jail.  Moreover, Plaintiffs and Defendants engaged the expertise of OUD and MAT experts and physicians to help develop Defendants' MAT policies.  Nowlin Decl. ¶ 8.  Lastly, Plaintiffs' attorneys believe the Settlement Agreement is very much in the interests of the named Plaintiffs and the proposed Settlement Class.  Plaintiffs have reviewed and approved the Settlement Agreement.  *Id.* at ¶11.

       2.   *The Settlement Agreement Does Not Suffer from Any Obvious Deficiencies.*

Courts have rejected preliminary approval of settlements when the proposed settlement contains defects such as: unreasonably high attorney's fees, unduly preferential treatment of

class representatives, deficient notice plan, unjustifiably burdensome claims procedure, plainly unfair allocation scheme, or overly broad release of liability.  William B. Rubenstein, *Newberg on Class Actions* § 13:15 (5th ed. Nov. 2018 Update) (citing cases).  Here, the Settlement Agreement does not suffer from any of these potential deficiencies.  The lack of any obvious deficiencies weighs in favor of preliminary approval.

> 3.    *The Settlement Agreement Does Not Improperly Grant Preferential Treatment to Class Representatives or Segments of the Class.*

The third factor for the Court to consider is whether the Settlement Agreement grants preferential treatment to class representatives or any segments of the class.  The Settlement Agreement does not.  Class representatives Kortlever and Eubanks will receive the exact same relief as all Settlement Class members: injunctive relief prohibiting Defendants' policy and practice of denying MAT to non-pregnant individuals and provision of an array of MAT policies that will benefit all non-pregnant individuals at the Jail.  Class representatives Kortlever and Eubanks will also receive an incentive reward of $1,000 each for their participation in the lawsuit.  An incentive reward is designed to compensate a named plaintiff for bearing the risks of litigation and their time participating in the case.  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009); *see also In re Oracle Sec. Litig.*, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994) (class representatives are "entitled to some compensation for the expense he or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class[.]").  The incentive reward here is modest and does not negatively impact the relief being provided to the class.

> 4.    *The Settlement Agreement Falls Within the Range of Possible Approval.*

"To determine whether a settlement 'falls within the range of possible approval' a court must focus on 'substantive fairness and adequacy,' and 'consider plaintiffs' expected recovery balanced against the value of the settlement offer.'"  *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 302 (E.D. Cal. 2011) (quoting *In re Tableware*, 484 F.Supp.2d at 1080).  "[T]he

1    fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the

2    litigation to judgment." *Villegas v. J.P. Morgan Chase & Co.*, 2012 U.S. Dist. LEXIS 166704,

3    at *16–17 (N.D. Cal. 2012). Here, the fairness and the adequacy of the Settlement Agreement

4    far outweigh the risks (and costs) of pursuing the litigation to judgment, as Plaintiffs have

5    obtained full relief: Defendants will now offer MAT to non-pregnant individuals at the Jail.

6    The value of the Settlement Agreement also matches the Plaintiffs expected recovery at the

7    outset of the litigation; balancing is not necessary. Thus, the Settlement Agreement is well

8    within the range of possible approval.

9            5.      *The Requested Attorneys' Fees and Costs Are Fair and Reasonable.*

10           The ADA grants a court the discretion to allow a prevailing party a reasonable attorney's

11   fee, including litigation expenses and costs. *See* 42 U.S.C. § 12205. "The 'lodestar method' is

12   appropriate in class actions brought under fee-shifting statutes" such as the ADA, "where the

13   relief sought—and obtained—is often primarily injunctive in nature and thus not easily

14   monetized, but where the legislature has authorized the award of fees to ensure compensation

15   for counsel undertaking socially beneficial litigation." *In re Bluetooth*, 654 F.3d at 941. "The

16   lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably

17   expended on the litigation (as supported by adequate documentation) by a reasonable hourly

18   rate for the region and for the experience of the lawyer." *Id.* The court may adjust the lodestar

19   figure upwards or downwards "by an appropriate positive or negative multiplier reflecting a

20   host of reasonableness factors, including the quality of representation, the benefit obtained for

21   the class, the complexity and novelty of the issues presented, and the risk of nonpayment[.]"

22   *Id.* at 941–42 (internal quotation marks omitted).

23           Here, Plaintiffs' counsel have dedicated over 700 hours to this case for an estimated

24   total of $265,000. Nowlin Decl. ¶ 12. Accordingly, Plaintiffs' counsel will seek an award of

25   $25,000 to compensate them for reasonable fees. The attorneys' fees and costs Plaintiffs'

26   counsel seek are extremely reasonable under the circumstances of this case. *See In re Bluetooth*,

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 8
Case No. 2:18-cv-00823

654 F.3d at 941 (requiring that any attorneys' fee awarded be reasonable).  In 2016, a district court approved $165,000 in attorneys' fees and costs in an ADA class action lawsuit regarding a hotel chain's wheelchair-accessible transportation.  *Civil Rights Educ. & Enf't Ctr v. Ashford Hosp. Tr., Inc.*, No. 15-cv-00216, 2016 WL 1177950, at *5–6 (N.D. Cal. 2016) (hereinafter, *Ashford*).  In *Ashford*, counsel's lodestar totaled $192,497.  *Id.* at *5.  Courts have also found attorneys' fees and costs reasonable when the award proposed in the Settlement Agreement is significantly less than what the attorneys might otherwise be entitled to under the lodestar analysis.  *See, e.g.*, *G.F. v. Contra Costa Cnty*, No. 13-cv-03667, 2015 WL 7571789, at *16 (N.D. Cal. 2015) (Class action lawsuit alleging ADA violations at Contra Costa County Juvenile Hall.  Court approved attorneys' fees and costs as agreed to in Settlement Agreement for $2,505,000 when lodestar analysis totaled $4,414,045.55.).

## C.    Provisional Certification of the Settlement Class is Appropriate.

For settlement purposes only, Plaintiffs respectfully request that the Court provisionally certify the Settlement Class as defined in Section II.A, *supra*.  Defendants waive their challenges to class certification solely for purposes of this Settlement Agreement.  As detailed below, the Settlement Class satisfies all applicable certification requirements of Rule 23(a) and Rule 23(b)(2).

### 1.    *The Rule 23(a) Requirements are Met*

#### (a)    Numerosity

The proposed Settlement Class satisfies the numerosity requirement under Fed. R. Civ. P. 23(a)(1).  Rule 23(a)(1) does not "demand that the class be so numerous that joinder be impossible but rather simply that joinder of the class is impracticable."  *Smith v. Univ. of Wash. Law Sch.*, 2 F.Supp.2d 1324, 1340 (W.D. Wash. 1998) (citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964)).  Whether joinder would be impracticable does not require a specific minimum number of class members.  *See id.*  (internal citations omitted).

"[W]here the class includes unnamed, unknown future members, joinder of such

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 9
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

unknown individual is impracticable and the numerosity requirement is therefore met, regardless of class size." *Nat'l Ass'n of Radiation Survivors v. Walters*, 111 F.R.D. 595, 599 (N.D. Cal. 1986) (internal quotations and citations omitted); *see also Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir. 1982), *vacated on other grounds by Cty. of Los Angeles v. Jordan*, 459 U.S. 810 (1982) ("The joinder of unknown individuals in inherently impracticable."). Further, the numerosity requirement is "relaxed" when plaintiffs seek only injunctive and declaratory relief, and "plaintiffs may rely on the reasonable inference arising from plaintiffs' other evidence that the number of unknown and future members of [the proposed class] is sufficient to make joinder impracticable." *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004) (unpublished); *see also Civil Rights Educ. and Enf't Ctr. v. Hosp. Props. Tr.,* 317 F.R.D. 91, 100 (N.D. Cal. 2016) (quoting *Sueoka*).

Here, the proposed Settlement Class definition includes all non-pregnant people with OUD who are currently incarcerated in the Jail as well as those who will be incarcerated in the Jail in the future.[1] Defendants' own records show that there were at least 253 individuals incarcerated in the Jail in 2016 who self-reported as abusing heroin or other opiates. *See* Complaint Ex. I. Given the current scale of opioid overdose deaths in Whatcom County,[2] the Settlement Class is estimated to number in the hundreds every year. Further, because joinder of the unknown future class members is impracticable, the numerosity requirement is presumptively satisfied. It is impracticable to join all individual Settlement Class members— particularly future class members—in the same suit absent class certification. Numerosity is met.

(b)     Commonality

---

[1] The proposed class is described this way because Defendants already provide MAT services to pregnant women

[2] *See* Wash. State Dep't of Health, DOH 346-083, *Opioid-Related Deaths in Washington State, 2006–2016* (2017), *available at* https://www.doh.wa.gov/Portals/1/Documents/Pubs/346-083-SummaryOpioidOverdoseData.pdf.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Plaintiffs can also demonstrate that there are questions of law and fact common to the Settlement Class. *See* Fed. R. Civ. Pro. 23(a)(2). Rule 23 does not require that all questions of law or all questions of fact be common to all class members—indeed, only one question of law or fact must be common to the proposed class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Class actions "for injunctive or declaratory relief by their very nature often present common questions satisfying Rule 23(a)(2)." 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1763 (3d ed. 2019).

Commonality can be satisfied by "demonstrat[ing] that the class members have suffered the same injury." *Wal-Mart*, 564 U.S. at 349–50 (2011) (internal citation and quotation marks omitted). Class members' claims must "depend upon a common contention" so that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. "[T]he commonality requirement can be satisfied by proof of the existence of systemic policies and practices that allegedly expose inmates to a substantial risk of harm." *Parsons v. Ryan*, 754 F.3d 657, 681 (9th Cir. 2014). Systemic policies and practices are "the 'glue'" that holds together a putative class because "either each of the policies and practices is unlawful as to every [class member] or it is not." *Id.* at 678.

In order to assess commonality, this Court must identify the elements of the class members' case-in-chief. *Id.* at 676. Here, the common question presented by the Settlement Class is whether Defendants' systemic policy and practice of denying medication used to treat opioid use disorders for non-pregnant individuals violates Title II of the ADA. Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiffs and all Settlement Class members suffer from opioid use disorder, *see* Complaint at ¶¶ 63, 74, which qualifies as a disability under 42 U.S.C. § 12102(1). Defendants have a "Medication

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 11
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Services" policy of providing medications in a "clinically appropriate" and "timely, safe, and sufficient manner."  *See* Complaint Ex. B; *see also Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (concluding that "services, programs, or activities" under the ADA includes medical services).  However, Plaintiffs have also alleged that Defendants have a policy and practice of denying non-pregnant inmates access to medications used to treat opioid use disorders.  *See* Complaint Ex. C, D.  Although Plaintiffs and Settlement Class members meet the essential eligibility requirements for Defendants' medical services—including medication services—Plaintiffs claim they are excluded from participation in and denied the benefits of these services on the basis of their disabilities.

Every Settlement Class member shares the common claim that they are injured by Defendants' denial of MAT to non-pregnant people and thus present the common question of law regarding whether Defendants' denials are a violation of the ADA.  Determining whether Defendants' systemic policies and practices violate the ADA will resolve the issue that is central to the validity of each one of the class members' claims.  *See Wal-Mart Stores, Inc.*, 564 U.S. at 350; *see also Parsons*, 754 F.3d at 672 (affirming certification of a class of "[a]ll [inmates] who are now, or will in the future be, subjected to the medical, mental health, and dental care policies and practices" in Arizona prisons).  Commonality is thus satisfied.

The Court need not resolve the merits of Plaintiffs' claims to determine whether commonality is satisfied.  "[W]hether class members could actually prevail on the merits of their claims is not a proper inquiry in determining the preliminary question whether common questions exist."  *Stockwell v. City and Cty. of San Francisco*, 749 F.3d 1107, 1112 (9th Cir. 2014) (internal citations and quotation marks omitted).  The purpose of class certification is simply to "select the metho[d] best suited to adjudication of the controversy fairly and efficiently."  *Id.* (quoting *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 460 (2013) (internal quotation marks omitted)).  Here, Plaintiffs have satisfied their burden of showing that a class wide proceeding would "generate common *answers* apt to drive the

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 12
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

resolution of the litigation." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (emphasis in original). Nothing further is required to meet commonality.

(c)     Typicality

Plaintiffs' claims are typical of the claims of the Settlement Class. *See* Fed. R. Civ. P. 23(a)(3).  The U.S. Supreme Court has recognized that the commonality and typicality requirements "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982).  "[T]he typicality inquiry involves comparing the injury asserted in the claims raised by the named plaintiffs with those of the rest of the class." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001) *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).  It is not necessary "that the named plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct." *Id.*; *see also Parsons*, 754 F.3d at 686.

Here, Plaintiffs claim that they and the Settlement Class members have suffered the exact same injury at the hands of Defendants: the discriminatory denial of necessary medication services needed to treat their opioid use disorders, resulting in withdrawal, an increased risk of relapse, and a heightened likelihood of overdose death. *See* Complaint at ¶¶ 52–61; 69–71; 79–83.  Because the named Plaintiffs and putative class members allege the same harmful discrimination due to the challenged jail policy, the typicality requirement is satisfied. *See, e.g., Armstrong,* 275 F.3d at 869 (finding typicality where the plaintiffs "are objects of discriminatory treatment on account of their disabilities," including the discriminatory deprivation of services in violation of the ADA); *Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 159 (N.D. Cal. 2015) (finding typicality where "[e]ach named Plaintiff declares exposure,

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 13
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  like all other members of the putative class and subclass, to a substantial risk of serious harm

2  due to the challenged policies and practices.").

3                          (d)     Adequacy of Representation

4          Plaintiffs will fairly and adequately protect the interests of the class. *See* Fed. R. Civ.

5  P. 23(a)(4).   This element of class certification is required in order to satisfy due process

6  concerns that "absent class members must be afforded adequate representation before entry of

7  judgment which binds them." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1020 (citing *Hansberry*

8  *v. Lee*, 311 U.S. 32, 42–43 (1940)).   Determining adequacy of representation requires a two-

9  prong test: "(1) do the named plaintiffs and their counsel have any conflicts of interest with

10  other class members and (2) will the named plaintiffs and their counsel prosecute the action

11  vigorously on behalf of the class?" *Id.*  Because this case seeks only declaratory and injunctive

12  relief, there is no conflict of interest between the Plaintiffs, their counsel, and the putative class;

13  they all share the common goal of eliminating Defendants' discriminatory policies and

14  practices. *See Hernandez*, 305 F.R.D. at 160 (N.D. Cal. 2015) ("Class representatives have less

15  risk of conflict with unnamed class members when they seek only declaratory and injunctive

16  relief.").   Further, Plaintiffs recognize the weight of their duties as class representatives and

17  have undertaken this litigation in order to protect the rights of the class as a whole. *See*

18  Complaint at ¶¶ 87, 91.  Adequacy is thus satisfied.

19                  2.      *The Rule 23(b)(2) Requirements are Met*

20          The Settlement Class is a proper Fed. R. Civ. P. 23(b)(2) class because Plaintiffs claim

21  Defendants have acted or refused to act on grounds that apply generally to the class and

22  injunctive and declaratory relief is appropriate respecting the class as a whole.  "Civil rights

23  cases against parties charged with unlawful, class-based discrimination are prime examples" of

24  a 23(b)(2) class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *see also Walters*

25  *v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) (noting that Fed. R. Civ. P. 23(b)(2) "was adopted

26  in order to permit the prosecution of civil rights actions.").   "Cases challenging an entity's

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 14
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  policies and practices regarding access for the disabled represent the mine run of disability

2  rights class actions certified under Rule 23(b)(2)." *Californians for Disability Rights, Inc. v.*

3  *Cal. Dep't of Transp.*, 249 F.R.D. 334, 345 (N.D. Cal. 2008).  Here, Plaintiffs challenge

4  Defendants' policy and practice of denying a class of individuals with disabilities access to

5  medication services in the Jail.  *See* Complaint at ¶¶ 93–101.  Plaintiffs have alleged that

6  Defendants have a singular policy and practice that applies to all Settlement Class members.

7  *See id.* at ¶¶ 52–59.  Further, Plaintiffs seek a uniform injunction prohibiting this policy and

8  practice as well as corresponding declaratory relief for the Settlement Class as a whole.  *See id.*

9  at Request for Relief.  Accordingly, this action satisfies the requirements of Fed. R. Civ. P.

10  23(b)(2).

11  **D.**      **The Court Should Appoint Class Counsel.**

12  In certifying a class, the Court must also appoint class counsel.  *See* Fed. R. Civ. P.

13  23(g).  In appointing counsel, the Court must consider: "(i) the work counsel has done in

14  identifying or investigating potential claims in the action; (ii) counsel's experience in handling

15  class actions, other complex litigation, and the types of claims asserted in the action; (iii)

16  counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

17  representing the class[.]" *See id.* at 23(g)(1)(A).  Class counsel must also "fairly and adequately

18  represent the interests of the class."  *Id.* at 23(g)(4).  In cases involving jail conditions, "class

19  counsel with experience with class action lawsuits, class action lawsuits regarding conditions

20  in correctional facilities, criminal justice issues and commitment of resources are likely to

21  adequately represent the class."  *Hernandez*, 305 F.R.D. at 161.

22  Here, Settlement Class counsel satisfy the requirements of Fed. R. Civ. P. 23(g).

23  Counsel has extensive experience with class action lawsuits, including class action lawsuits

24  concerning conditions in correctional facilities.  *See* Declaration of John Midgley Regarding

25  Qualifications of Class Counsel, ECF 2-2.  Further, counsel has long focused on issues of

26  criminal justice, including advocating for drug policy reform.  *See id.*  Lastly, Settlement Class

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 15
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  counsel have committed and will continue to commit significant resources to the prosecution

2  of this litigation.  *See id.*

3  **E.      The Proposed Notice Program is Constitutionally Sound.**

4      Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class

5  members who would be bound by" a settlement.  Fed. R. Civ. P. 23(e)(1)(B).  The best

6  practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise

7  interested parties of the pendency of the action and afford them an opportunity to present their

8  objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

9      The proposed form of notice, attached as Exhibit 2 to the Nowlin Decl. ("Notice"),

10  satisfies Rule 23(e)(1).  The Notice is clear, straightforward, and provides persons in the

11  Settlement Class with enough information to evaluate the settlement and decide whether to

12  object or comment to the Court about the proposed settlement. The proposed notice provides a

13  clear and simple method for any affected person to file objections with the court if he or she

14  chooses.

15      Defendants will post the Notice in the living quarters and the medical unit(s) at the Jail

16  within five (5) calendar days of the Court's entry of preliminary approval of the settlement.  A

17  copy of the Settlement Agreement will be made available to any inmate upon request.  Courts

18  have found that posting notice of the proposed Settlement Agreement in jail housing quarters

19  satisfies the notice requirements of Rule 23(e).  *See, e.g.*, *Austin v. Pennsylvania Dept. of Corr.*,

20  876 F.Supp. 1437, 1455–56 (E.D. Pa. 1995) (posting notices regarding a Settlement Agreement

21  in the common areas of all institutions housing class members on three separate occasions that

22  informed the class members of the prospective settlement, the location of copies of the

23  Settlement Agreement, and how to file objections with the court satisfied Rule 23(e)). Notice

24  shall also be posted at local community health centers, including Sea Mar Community Health

25  Center, Catholic Community Services, Cascade Medical Advantage, Pioneer Human Services,

26  and Lummi Healing Spirit Clinic.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 16
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

The Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Rule 23.

### F.      Scheduling a Final Approval Hearing is Appropriate.

The last step in the settlement approval process is a Final Approval Hearing at which the Court may review objections, if any, and hear all evidence and argument necessary to make its settlement evaluation.  Proponents of the Settlement Agreement may explain the terms and conditions of the Settlement Agreement, and offer argument in support of final approval.  The Court will determine after the Final Approval Hearing whether the Settlement Agreements should be approved, and whether to enter a final order and judgment under Rule 23(e).  Plaintiffs request that the Court set a date for a hearing on final approval at the Court's convenience, but no earlier than May 20, 2019.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the Settlement Agreement, including the fees and costs payments to Plaintiffs' counsel; (2) provisionally certify the proposed Settlement Class; (3) appoint Lisa Nowlin and John Midgley of the American Civil Liberties Union of Washington Foundation, and Bart Freedman of K&L Gates LLP, as co-lead class counsel for the Settlement Class; (4) approve the proposed notice plan and class notice forms; (5) schedule the final fairness hearing and related dates as proposed by the parties.

DATED this 29th day of April, 2019.

K&L GATES LLP

By  *s/Bart Freedman*
   Bart Freedman, WSBA #14187
   Todd Nunn, WSBA #23267
   Christina A. Elles, WSBA #51594
925 4th Avenue #2900
Seattle, WA  98104
Telephone:  (206) 623-7580

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 17
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Email: bart.freedman@klgates.com
       todd.nunn@klgates.com
       christina.elles@klgates.com


AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION


By:  _s/ Lisa Nowlin_____
      Lisa Nowlin, WSBA #51512
      John Midgley, WSBA #6511
      Mark Cooke, WSBA #40155
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Email: lnowlin@aclu-wa.org

*Attorneys for Plaintiffs Gabriel Kortlever, Sy
Eubanks, and All Others Similarly Situated*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 18
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

CERTIFICATE OF ECF FILING AND SERVICE

2

3    I certify that on April 29, 2019, I arranged for electronic filing of the foregoing document
     with the Clerk of the Court using the CM/ECF system, which will send notification of such
4    filing to all parties of record:

5        Lisa Nowlin                          George C. Roche
         John B. Midgley                      Whatcom County Prosecuting
6        Mark Cooke                               Attorney's Office
         ACLU of Washington                   County Courthouse
7        901 Fifth Avenue, Suite 630          311 Grand Avenue
         Seattle, WA  98164                   Bellingham, WA  98225
8        Attorneys for Plaintiffs             Attorney for Defendants

9

10                                       *s/ Bart Freedman*
                                         Bart Freedman
11                                       K&L Gates LLP
                                         925 Fourth Avenue, Suite 2900
12                                       Seattle, WA  98104
                                         Phone:  (206) 623-7580
13                                       E-mail:  bart.freedman@klgates.com

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 19
Case No. 2:18-cv-00823