Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL KORTLEVER, SY EUBANKS, and ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>WHATCOM COUNTY, WASHINGTON; WHATCOM COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | Case No. 2:18-cv-00823<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Final Approval Hearing:**<br>July 9, 2019, 10:00 am |

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ............................................................................................... 1

III. ARGUMENT AND AUTHORITY ................................................................................. 2

    A.    The Settlement Agreement Satisfies Rule 23(e) for Final Approval. ........................... 3

        1.    The Class Representatives and Class Counsel have adequately represented the Settlement Class. ...................................................................................................... 3

        2.    The Settlement Agreement was negotiated at arm's-length. ............................. 4

        3.    The relief provided for the Settlement Class is adequate. ................................. 4

        4.    The Settlement Agreement treats class members equitably relative to each other. ........................................................................................................................ 5

        5.    Settlement Class members have not objected to the Settlement Agreement. ...... 6

    B.    Class Counsel's Fees and Costs, and the Class Representatives' Incentive Rewards, are Reasonable. ............................................................................................................. 6

    C.    The Settlement Class Received the Best Notice Possible. .......................................... 7

    D.    The Court Should Certify the Settlement Class. ......................................................... 8

IV. CONCLUSION ................................................................................................................ 8

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - i
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2010) ................................................................................................. 6

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ................................................................................................. 3

*Civil Rights Educ. & Enf't Ctr v. Ashford Hosp. Tr., Inc.*,
   No. 15-cv-00216, 2016 WL 1177950 (N.D. Cal. 2016) ........................................................ 7

*G.F. v. Contra Costa Cnty*,
   No. 13-cv-03667, 2015 WL 7571789 (N.D. Cal. 2015) ........................................................ 7

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ............................................................................................................... 7

*In re Oracle Sec. Litig.*,
   No. C-90-0931-VRW, 1994 WL 502054 (N.D. Cal. June 18, 1994) .................................... 5

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ................................................................................................. 5

*Spann v. J.C. Penny Corp*,
   314 F.R.D. 312 (C.D. Cal. 2016) ........................................................................................... 4

*In re Volkswagen*, *"Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
   895 F.3d 597 (9th Cir. 2018) ................................................................................................. 4

**Statutes**

42 U.S.C. § 12132 ........................................................................................................................ 1

42 U.S.C. § 12205 ........................................................................................................................ 6

**Other Authorities**

Fed. R. Civ. P. 23(e) ................................................................................................................ 1, 3

Fed. R. Civ. P. 23(e)(1)(B) .......................................................................................................... 7

Fed. R. Civ. P. 23(e)(2) ............................................................................................................... 2

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - ii
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## I. INTRODUCTION

Plaintiffs Gabriel Kortlever and Sy Eubanks ("Plaintiffs"), by and through their counsel, respectfully move the Court for final approval of the Settlement Agreement ("Settlement Agreement") reached with Defendants Whatcom County, Washington and Whatcom County Sheriff's Office (collectively "Defendants"), pursuant to Fed. R. Civ. P. 23(e). For the reasons set forth below and in pleadings previously submitted in support of approval, the Settlement Agreement is fair, reasonable, and adequate, and serves the best interests of the settlement class members. Accordingly, Plaintiffs respectfully request that the Court: (1) grant final approval of the Settlement Agreement, including the fees and costs payments to Plaintiffs' counsel and modest incentive rewards to class representatives, (2) determine that adequate notice was provided to the Settlement Class, and (3) certify the conditionally approved Settlement Class for settlement purposes only.

## II. STATEMENT OF FACTS

This case was filed on June 6, 2018, and concerns access to Medication-Assisted Treatment (MAT) in Whatcom County Jail (the "Jail") in Bellingham, Washington. *See* Complaint, ECF 1. Simultaneously with the Complaint, Plaintiffs filed a Motion for Class Certification to represent a class of non-pregnant individuals with disabling opioid use disorder (OUD) who are incarcerated, or who will be incarcerated in the Jail. *See* Mot. For Class Certification, ECF 2. Plaintiffs alleged that Defendants have a policy and practice of categorically refusing to provide MAT to non-pregnant individuals incarcerated at the Jail. *See* Complaint, ECF 1 at ¶¶ 2, 11, 52, 59, 72, 100. As a result, Plaintiffs and the class they seek to represent allege they are excluded from participation in and denied the benefits of Defendants' medication services, based solely on Plaintiffs' OUD, in violation of the Americans with Disabilities Act (ADA). *See* 42 U.S.C. § 12132.

The parties have been engaged in settlement discussions since July 2018 and reached a settlement in principle on or around April 24, 2019. On April 29, 2019, Plaintiffs filed a

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Motion for Preliminary Approval of Class Action Settlement (ECF 34), which the Court granted on May 23, 2019 (ECF 37). In particular, the Court (1) preliminarily approved the Settlement Agreement, including the fees and costs payments to Plaintiffs' counsel and modest incentive rewards to Class Representatives; (2) appointed Plaintiffs Gabriel Kortlever and Sy Eubanks as Class Representatives; (3) conditionally certified the proposed Settlement Class; (4) appointed Lisa Nowlin and John Midgley of the American Civil Liberties Union of Washington Foundation, and Bart Freedman of K&L Gates LLP, as co-lead counsel for the Settlement Class; (5) scheduled a final approval hearing ("Final Approval Hearing") for July 9, 2019 at 10:00 am; and (6) approved the Notice of Proposed Class Action Settlement (the "Notice") and distribution of same. *See* Order Granting Pls.' Mot. for Prelim. Approval of Class Action Settlement and Directing Notice to Pl. Class, ECF 37. Notice was subsequently posted in the living quarters and the medical unit(s) of the Jail, as well as at local community health centers including Sea Mar Community Health Center, Catholic Community Services, Cascade Medical Advantage, Pioneer Human Services, and Lummi Healing Spirit Clinic. *See* Decl. of Mark Cooke ("Cooke Decl.") ¶ 4-5.

### III. ARGUMENT AND AUTHORITY

Final approval of a class action settlement is appropriate only when the court determines the settlement is "fair, reasonable, and adequate" after considering the following factors:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
  i. the costs, risks, and delay of trial and appeal;
  ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  iii. the terms of any proposed award of attorney's fees, including timing of payment; and
  iv. any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Fed. R. Civ. P. 23(e)(2). These factors were adopted when the amendments to Rule 23 took effect on December 1, 2018, so there is little to no binding case law applying them. The factors are, however, consistent with the seven factors identified by the Ninth Circuit in *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004):

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

Here, the Settlement Agreement is the best vehicle for the Settlement Class to receive relief in a prompt and efficient manner. With this motion, Plaintiffs request that the Court take the next step in the settlement approval process by granting final approval of the preliminary approved Settlement Agreement, including the fees and costs payments to Plaintiffs' counsel and modest incentive rewards to class representatives, determine that adequate Notice was provided to the Settlement Class, and certifying the conditionally approved Settlement Class for settlement purposes only.

**A.     The Settlement Agreement Satisfies Rule 23(e) for Final Approval.**

*1.     The Class Representatives and Class Counsel have adequately represented the Settlement Class.*

Class Representatives Kortlever and Eubanks are members of the Settlement Class and have diligently represented the Settlement Class. Plaintiffs provided information, reviewed and approved the complaint and other pleadings, stood ready to provide discovery, and reviewed and approved the Settlement Agreement. *See* Decl. of Lisa Nowlin In Support of Pls.' Mot. For Preliminary Approval of Class Action Settlement ("Nowlin Decl.") ¶ 11, ECF 35. Class Counsel have also adequately represented the Settlement Class. Class Counsel have devoted more than 700 hours to this case for a total of over $265,000 in fees. *Id.* ¶ 12. At all times, Class Counsel have placed the interests of the Settlement Class ahead of their own, scrutinizing

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

the settlement details and the Defendants proposed MAT policies to ensure the highest level of care at the Jail. Class Counsel also involved OUD and MAT experts and physicians to help develop Defendants' MAT policies. *Id.* ¶ 8. Class Counsel believes that the Settlement Agreement is fair and reasonable, and in the Settlement Class' best interests.

### *2.  The Settlement Agreement was negotiated at arm's-length.*

This Court found that the Settlement Agreement was "the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular." *See* ECF 37. To determine whether a settlement was negotiated at arm's-length, a district court must look for "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect their negotiations." *In re Volkswagen*, *"Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2010) (hereinafter, *In re Bluetooth*)). Here, as explained in more detail in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, there are no signs that Class Counsel allowed pursuit of their own self-interests or that of certain class members to infect their negotiations. *See* ECF 34 at 5-6. The parties participated in nine months of negotiations discussing critical components of MAT policies and protocols, exchanged numerous offers and counter-offers, and always put the interests of the Settlement Class ahead of their own.

If the settlement is the product of an arms-length, non-collusive, negotiated resolution, "courts afford the parties the presumption that the settlement is fair and reasonable." *Spann v. J.C. Penny Corp*, 314 F.R.D. 312, 324 (C.D. Cal. 2016). Therefore, the Settlement Agreement should be afforded a presumption of fairness.

### *3.  The relief provided for the Settlement Class is adequate.*

The Settlement Agreement provides the Settlement Class adequate relief and satisfies the four factors identified in Rule 23(e)(2)(C). First, the Settlement Agreement far outweighs

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

the costs, risks, and delay of trial and appeal, as Plaintiffs have obtained full relief: Defendants will now offer MAT to non-pregnant individuals at the Jail. This relief includes not only continuity of MAT medications, but also induction onto MAT for individuals with OUD. Next, the Settlement Agreement effectively distributes relief to all Settlement Class members because no class-member claims have to be processed; the Settlement Agreement provides injunctive relief. Third, the proposed award of attorney's fees are reasonable and show no signs of collusion between Class Counsel and Defendants. Lastly, there are no other agreements made in connection with the Settlement Agreement that are required to be identified under Rule 23(e)(3).

### 4. *The Settlement Agreement treats class members equitably relative to each other.*

The Settlement Agreement does not grant preferential treatment to the Class Representatives or any segments of the Settlement Class. Class representatives Kortlever and Eubanks will receive the exact same relief as all Settlement Class members: injunctive relief prohibiting Defendants' policy and practice of denying MAT to non-pregnant individuals and provision of an array of MAT policies that will benefit all non-pregnant individuals at the Jail. Class representatives Kortlever and Eubanks will also receive an incentive reward of $1,000 each for their participation in the lawsuit. An incentive reward is designed to compensate a named plaintiff for bearing the risks of litigation and their time participating in the case. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009); *see also In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994) (class representatives are "entitled to some compensation for the expense he or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class[.]"). The incentive reward here is modest and does not negatively impact the relief being provided to the class.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*5.     Settlement Class members have not objected to the Settlement
                    Agreement.*

The Court directed Settlement Class members to file comments or objections with the Court on or before June 29, 2019. *See* ECF 37. As of June 25, 2019, no Settlement Class members have filed any such comments or objections with the Court, nor have Class Counsel received any inquiries from Settlement Class members regarding the Settlement Agreement. Cooke Decl. ¶ 2-3. The lack of comments and objections supports final approval and indicates a positive reaction to the Settlement Agreement and supports final approval. Class Counsel will supplement the record with updated information should any Settlement Class members file comments or objections to the Settlement Agreement after this filing.

**B.    Class Counsel's Fees and Costs, and the Class Representatives' Incentive Rewards, are Reasonable.**

The Court preliminarily approved the payment of $25,000 in attorneys' fees and costs to Class Counsel and the modest incentive reward of $1,000 each for Class Representatives Kortlever and Eubanks. *See* ECF 37. The ADA grants a court the discretion to allow a prevailing party a reasonable attorney's fee, including litigation expenses and costs. *See* 42 U.S.C. § 12205. "The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes" such as the ADA, "where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized, but where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth*, 654 F.3d at 941. "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id*. The court may adjust the lodestar figure upwards or downwards "by an appropriate positive or negative multiplier reflecting a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment[.]" *Id*. at 941–42 (internal quotation marks omitted).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - 6
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Here, Plaintiffs' counsel have dedicated over 700 hours to this case for an estimated total of more than $265,000. Nowlin Decl. ¶ 12. Accordingly, Plaintiffs' counsel will seek an award of $25,000 to compensate them for reasonable fees. The attorneys' fees and costs Plaintiffs' counsel seek are extremely reasonable under the circumstances of this case. *See In re Bluetooth*, 654 F.3d at 941 (requiring that any attorneys' fee awarded be reasonable). In 2016, a district court approved $165,000 in attorneys' fees and costs in an ADA class action lawsuit regarding a hotel chain's wheelchair-accessible transportation. *Civil Rights Educ. & Enf't Ctr v. Ashford Hosp. Tr., Inc.*, No. 15-cv-00216, 2016 WL 1177950, at *5–6 (N.D. Cal. 2016) (hereinafter, *Ashford*). In *Ashford*, counsel's lodestar totaled $192,497. *Id*. at *5. Courts have also found attorneys' fees and costs reasonable when the award proposed in the Settlement Agreement is significantly less than what the attorneys might otherwise be entitled to under the lodestar analysis. *See, e.g.*, *G.F. v. Contra Costa Cnty*, No. 13-cv-03667, 2015 WL 7571789, at *16 (N.D. Cal. 2015) (Class action lawsuit alleging ADA violations at Contra Costa County Juvenile Hall. Court approved attorneys' fees and costs as agreed to in Settlement Agreement for $2,505,000 when lodestar analysis totaled $4,414,045.55.).

Additionally, as discussed above, the modest incentive reward for Class Representatives Kortlever and Eubanks are reasonable and does not negatively impact the relief being provided to the Settlement Class.

### C.   The Settlement Class Received the Best Notice Possible.

The Court has already approved, as to form and context, the Notice. *See* ECF 37. Moreover, the Court deemed that the Notice met the requirements of due process and applicable law, and constituted due and sufficient notice to all individuals entitled thereto. *Id*. Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a settlement. Fed. R. Civ. P. 23(e)(1)(B). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Defendants have complied with the Court-ordered Notice. Defendants posted the Notice in the living quarters and the medical unit(s) at the Jail within five (5) calendar days of the Court's entry of preliminary approval of the settlement. Cooke Decl. ¶ 4. A copy of the Settlement Agreement was also made available to any inmate upon request. *Id*. Notice was also posted at local community health centers, including Sea Mar Community Health Center, Catholic Community Services, Cascade Medical Advantage, Pioneer Human Services, and Lummi Healing Spirit Clinic. *Id*. ¶ 5-6. There have been no objections to the Notice in this case. *Id*. ¶ 3.

The Notice approved by this Court constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Rule 23. Accordingly, the Court should determine that the Notice was effective and that the Settlement Class received adequate notice.

### D. The Court Should Certify the Settlement Class.

This Court conditionally certified the Settlement Class pursuant to Rule 23(b)(2). *See* ECF 37. The Court also found that the Settlement Class satisfied the Rule 23(a) requirements (numerosity, commonality, typicality, and adequacy of representation). *Id*. There have been no objections to the conditional certification of the Settlement Class. Cooke Decl. ¶ 3. To facilitate the Settlement Agreement, Plaintiffs respectfully request the Court make the conditional certification final for settlement purposes only. The Settlement Class is defined as: "All non-pregnant individuals with disabling opioid use disorders "(OUD") who are incarcerated, or who will be incarcerated in the future, in the Whatcom County Jail."

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant final approval of the Settlement Agreement, including the fees and costs payments to Plaintiffs' counsel and modest incentive rewards to class representatives, (2) determine that adequate

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 8
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  notice was provided to the Settlement Class, and (3) certify the conditionally approved
2  Settlement Class for settlement purposes only.
3    DATED this 25th day of June, 2019.

K&L GATES LLP

By  *s/Bart Freedman*
      Bart Freedman, WSBA #14187
      Todd Nunn, WSBA #23267
      Christina A. Elles, WSBA #51594
925 4th Avenue #2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Email: bart.freedman@klgates.com
          todd.nunn@klgates.com
          christina.elles@klgates.com


AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION


By:  *s/ Lisa Nowlin*
      Lisa Nowlin, WSBA #51512
      John Midgley, WSBA #6511
      Mark Cooke, WSBA #40155
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Email: lnowlin@aclu-wa.org

*Attorneys for Plaintiffs Gabriel Kortlever, Sy Eubanks, and All Others Similarly Situated*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 9
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

CERTIFICATE OF ECF FILING AND SERVICE

I certify that on June 25, 2019, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record:

| | |
|---|---|
| Lisa Nowlin | George C. Roche |
| John B. Midgley | Whatcom County Prosecuting |
| Mark Cooke | Attorney's Office |
| ACLU of Washington | County Courthouse |
| 901 Fifth Avenue, Suite 630 | 311 Grand Avenue |
| Seattle, WA 98164 | Bellingham, WA 98225 |
| Attorneys for Plaintiffs | Attorney for Defendants |

    *s/ Bart Freedman*
Bart Freedman
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
E-mail: bart.freedman@klgates.com

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 10
Case No. 2:18-cv-00823

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022